School Directors of School District No. 82, County of Whiteside and State of Illinois, Ruth Martin and Dale Hofmeister, Plaintiffs-Appellees, v. Keith Wolever County Board of School Trustees of Whiteside County, Illinois, Administrative Agency, et al. (Keith Wolever et al., Defendants-Appellants.)

Gen. No. 11,526.

Second District, Second Division.

February 20, 1962.

95

L. Willard Nelson, of Morrison, for appellant.

Earl L. Scott, of Erie, for appellee.

WRIGHT, J.

The County Board of School Trustees of Whiteside County entered an order detaching certain territory from Spring Hill School District No. 82 and annexing it to Erie School District No. 87. The Circuit Court of Whiteside County on administrative review reversed this order. On this appeal appellants contend that the order entered by the County Board of School Trustees is supported by the evidence and is not contrary to the manifest weight of the evidence, and that the trial court erred in reversing the order.

The facts, in brief, are as follows: Spring Hill School District No. 82 with an assessed valuation of $635,570, a tax rate of .857 and no bonded indebtedness, maintains a one-room school with one full time teacher and a part-time teacher who conducts classes in the basement of the school. The average daily attendance is 28.93 students and it is questionable whether the school will continue to be fully recognized by the State Superintendent of Public Instruction.

Erie School District No. 87 with an assessed valuation of $9,665,986, a tax rate of 1.088 and a bonded indebtedness of $287,684, has an average daily attendance of 382.81 students; employs a total of sixteen teachers, two for each grade, has two all-purpose rooms, a school lunch program, furnishes transportation and maintains a kindergarten. The districts both maintain grades one through eight.

The area to be detached consists of 509 acres with an assessed valuation of $105,000. If the detachment is allowed, Spring Hill District No. 82 will lose four or five students and an annual revenue in the amount of $900.

The evidence in the record before us is somewhat conflicting but it is quite obvious from a review of the record that there are many courses and subjects offered at the Erie School that are not offered and cannot be offered in the Spring Hill School because of the limited facilities.

The County Superintendent of Schools testified that the annexation of the territory in question to Erie School District would not make any difference in the educational opportunities of the students now attending the Erie School, and that the pupils remaining in the Spring Hill School District might be better educated for the reason that the teacher would have a smaller group to work with. He further stated that the Spring Hill School District can carry on the same program after the detachment by increasing their educational tax rate and that the tax rate can be increased without exceeding the maximum rate.

The President of the School Board of Spring Hill School District No. 82 testified before the County Board and stated that the detachment, if allowed, would reduce the revenue of the Spring Hill District, however, he further stated that he did not feel that the educational facilities at Spring Hill would be affected if the tax rate be increased.

It does not appear that the proposed detachment and annexation to the Erie District will in any way affect the educational facilities of that district and the loss of revenue by Spring Hill District appears to be the only detrimental factor which would result from the proposed detachment. With every detachment and annexation, there is a resulting loss of tax base valuation and loss in income to the district losing a portion of its territory, but this alone cannot be considered as preventing detachments and annexations when it appears that the maximum rate is not being levied by the district from which the territory is being detached.

97

Community Unit School District No. 6 of Macon and Christian Counties v. County Board of School Trustees of Sangamon County, 9 Ill App2d 116, 132 NE2d 584.

The appellee, in support of the order of the trial court reversing the County Board of School Trustees, places great reliance upon the decisions of our reviewing courts in Trico Community Unit School District No. 176, Perry, Randolph and Jackson Counties v. County Board, 8 Ill App2d 494, 131 NE2d 829; Oakdale Community Consolidated School District No. 1 v. County Board of School Trustees of Randolph County, 112 Ill2d 190, 145 NE2d 736 and Board of Education v. County Board of School Trustees of Winnebago County, 19 Ill App2d 196, 153 NE2d 378. We have read and carefully examined these cases and do not believe that they are in point factually with the instant case. In all of these cases, the districts involved had substantially similar educational facilities and the principal reasons advanced for the proposed detachment in each case was for personal considerations and convenience of the petitioners and their families, and in all of these cases there was a complete lack of showing that the educational welfare of pupils would be enhanced by the proposed change. These cases held that school boundaries should not be changed to satisfy the personal desires and convenience of a few to the detriment of others, but that the welfare of affected districts and pupils as a whole must control.

In the instant case the detachment is sought for the sole purpose of securing better educational facilities and opportunities for the children living in the territory proposed to be detached. We have carefully examined the record before us and although there is some conflict in the testimony, we think the evidence conclusively shows that the Erie School District will not be adversely affected by the detachment and annexation; that Spring Hill School District will be able

to offer the same educational facilities to the students remaining in that district as was offered before the detachment, and that the educational facilities and opportunities of the students residing in the territory detached will be enhanced.

██ ██ As a court of review, our power and duty is to determine if the findings of the County Board of School Trustees are against the manifest weight of the evidence. School Directors of School District No. 82, County of Whiteside v. County Board of School Trustees of Whiteside County, 15 Ill App2d 115, 145 NE2d 285. The Boards findings and conclusions on question of fact are held to be prima facie true and correct. (SHA Chap 110, Sec 274.)

After considering the record in this case as a whole, we conclude that the decision of the County Board of School Trustees of Whiteside County was supported by adequate evidence when the welfare of the affected districts and the pupils of each as a whole are considered. The Trustees in the case before us saw and heard the witnesses, received the report from the County Superintendent of Schools as to School needs and as to whether it would be to the best interest of the schools of the area and the educational welfare of the pupils that the territory be detached from Spring Hill School District No. 82 and annexed to Erie School District No. 87. The Trustees are more familiar with local problems and conditions and are better able than this court to evaluate the numerous factors involved. Community Unit School District No. 6 of Macon and Christian Counties v. County Board of School Trustees of Sangamon County, supra.

Our review of the record in this case leads us to the inescapable conclusion that there is substantial evidence therein supporting the findings of the County Board of School Trustees, and we cannot say that their order detaching the territory from Spring Hill School

District No. 82 and annexing it to Erie School District No. 87 is contrary to the manifest weight of the evidence.

The judgment of the trial court is reversed and the cause is remanded to the Circuit Court of Whiteside County with directions to affirm the order of the County Board of School Trustees.

Reversed and remanded.

SPIVEY, P. J. and CROW, J., concur.