(No. 38812.—

BOARD OF EDUCATION OF SPAULDING SCHOOL DISTRICT NO. 58, Appellant, *vs.* SPECIAL CHARTER SCHOOL DISTRICT NO. 61 *et al.,* Appellees.

*Opinion filed March 18, 1965.*

DIVER, DIVER AND RIDGE, of Waukegan, (THOMAS W. DIVER, of counsel,) for appellant.

Snyder, Clarke, Dalziel, Holmquist & Johnson, of Waukegan, (Gerald C. Snyder and Lewis D. Clarke, of counsel,) for appellees.

Mr. Justice House delivered the opinion of the court:

This is an administrative review proceeding by which the Board of Education of Spaulding School District No. 58, as plaintiff, seeks to prevent the annexation of two territories of its district to Special Charter School District No. 61. Plaintiff appeals to this court from an adverse order of the circuit court of Lake County. A constitutional violation of due process is alleged as the sole ground for our jurisdiction.

The city of Waukegan annexed two territories under the provisions of section 7—2.1 of The School Code. (Ill. Rev. Stat. 1963, chap. 122, par. 7—2.1.) That section provides that where a special charter school district exists, annexation to the city constitutes annexation to the charter district unless a petition is filed with the Superintendent of Public Instruction within 60 days requesting a hearing. It further provides for appointment of a hearing officer to conduct a hearing, preserve a transcript of the evidence and transmit a copy of the transcript to the board of the charter district and the county board of school trustees. Those boards, sitting separately, weigh the evidence and determine whether the annexation should be prevented. If not to be prevented, each shall so order and their administrative decision is final unless review is sought under the Administrative Review Act. The entry of such an order, however, is not absolutely required since it is provided that failure of either board to take action on the petition within 45 days (now 50 days) after the hearing shall be deemed a final denial of the petition.

The statutory procedure was followed and a written decision by Special Charter School District No. 61 denied both

petitions. The County Board of School Trustees took no formal action within the prescribed period and failure to take action constituted final denial under the statute. Plaintiff theorizes that there is a violation of due process because the statute does not direct both boards to review the evidence nor obligate them to enter formal decisions. We observe parenthetically that there is a statutory duty to weigh the evidence, but the boards' determination may be manifested either by entering an order or by failing to do so within the time fixed. Plaintiff also argues that it has a property right in the revenue from these territories and that property will be taken without due process if these territories are disconnected under the provisions of section 7—2.1.

These are no longer fairly debatable constitutional questions. It has long been recognized that the extent and duration of the powers of school districts, and the territory within which those powers may be exercised, are entirely within the legislative discretion. (*People ex rel. Taylor* v. *Comargo Community Consolidated School District,* 313 Ill. 321; *People* v. *Deatherage,* 401 Ill. 25; *Pritchett* v. *County Boaard of School Trustees,* 5 Ill.2d 356.) As this court said in the *Deatherage* case: "A * * * school district established under enabling legislation, is entirely subject to the will of the legislature thereafter. * * *. (E)ven without notice or hearing, the State may take the school facilities in the district, without giving compensation therefor, and vest them in other districts or agencies. * * * The area of the district may be contracted or expanded, it may be divided, united in whole or in part with another district, and the district may be abolished." (pp. 31-32).

In *Schrieber* v. *County Board of School Trustees,* 31 Ill.2d 121, a number of grounds of unconstitutionality of section 7—2.1, including violation of due process, were alleged. In pointing up the fallacy of the due process argument it was there said: "Plaintiffs also contend that the statute violates the due process clause of the Illinois Con-

stitution. * * * This assertion is based upon the erroneous assumption that individuals have a property interest in the location of school district boundaries." (p. 127.) Contrary to plaintiff's view, if due-process protection is not available to individuals (landowners and inhabitants) certainly such protection does not extend to school boards whose members are merely representatives of the people.

The argument that plaintiff has a property right in the anticipated revenue of about $4000 per year from the two territories has been answered by the cases above cited. Since the legislature has the power to provide for taking school facilities and property from a district, it goes without saying that it has like power to provide for taking away anticipated future revenues.

This case does not present a debatable constitutional question. It is, therefore, transferred to the Appellate Court, Second Judicial District.

*Cause transferred.*