Board of Education of Spaulding School District No. 58, Lake County, Illinois, Plaintiff-Appellant, v. Special Charter School District No. 61 of Waukegan, Lake County, Illinois, and County Board of School Trustees of Lake County, Illinois, and Ray Page, Superintendent of Public Instruction of the State of Illinois, Defendants-Appellees.

Gen. No. 65-37.

Second District.

August 13, 1965.

Diver, Diver and Ridge, of Waukegan (Thomas W. Diver, of counsel), for appellant.

Snyder, Clarke, Dalziel, and Holmquist & Johnson, of Waukegan (Gerald C. Snyder and Lewis D. Clarke, of counsel), for Special Charter School District No. 61 of Waukegan, Lake County, appellee.

ATTEN, J.

This is an administrative review proceeding by which the Board of Education of Spaulding School District No. 58, seeks to prevent the annexation of two parcels of Real Estate in its district to Special Charter School District No. 61. Plaintiff appeals from an adverse order of the Circuit Court of Lake County, alleging among other errors a constitutional violation of due process. Plaintiff appealed to the Supreme Court.

The Supreme Court found the case did not present a debatable constitutional question and transferred it to this court (Board of Education of Spaulding School Dist. No. 58 v. Special Charter School Dist. No. 61, 32 Ill2d 342, 205 NE2d 459) for decision.

The City of Waukegan annexed the two parcels in question under the provisions of section 7–2.1 of the School Code. (Ill Rev Stats 1963, c 122, par 7–2.1.) This section provides that where a special charter school district exists, annexation to the city constitutes annexation to the charter district unless a petition is filed with the Superintendent of Public Instruction with 60 days requesting a hearing.

It further provides for the appointment of a hearing officer to conduct a hearing, preserve a transcript of the evidence and transmit a copy of the transcript to the board of the charter district and the county board of school trustees. These boards sitting separately, weigh the evidence and determine whether the annexation should be prevented. If not to be prevented, each shall so order and their administrative decision is final unless review is sought under the administrative review act. However, the statute also provides that failure of either board to take action on the petition within 45 days (now 50 days) after the hearing shall be deemed a final denial of the petition.

In this case Special Charter School District No. 61 denied both petitions, and the county board of school trustees took no formal action within the prescribed period thereby also denying said petitions.

In addition to the constitutional question raised by the Plaintiff, it virtually contends the decisions of the two boards which were upheld by the trial court are against the manifest weight of the evidence, in that the proposed annexations are shown to be an excessive use of Section 7–2.1 of the School Code and thereby inconsistent with "—the public interest and the welfare of the districts and persons involved—."

From the evidence offered by the parties we find the assessed valuation of the Spaulding District was $9,416,395 in 1959 and $7,709,225 in 1961; the loss in assessed value being due primarily to annexations to

42

the charter district; that the assessed value of the two parcels in question was $244,210, and that the loss in revenue if the annexations are not prevented would be $4,000 annually; that the Spaulding District has 600 students with a present maximum capacity of 750; that it has 20 classroom teachers plus an ungraded room teacher, that 2 teachers have Masters Degrees, that 15 or 16 have Bachelor's or Masters Degrees; that the starting salary for its teachers is $4,600 and the average teachers salary is $5,350; that the annual pupil per capita cost is between $500 and $600 and it has no kindergarten facilities; that there are 20 pupils in one of the parcels in question, the nearest part of this area to the nearer school in the Spaulding District is one mile and the farther school is 2½ miles; and that some pupils from this district went to each school.

The evidence also indicated that the Charter District has 8,588 students with room for additional 36 pupils at Washington School, which is its school located a mile by road from the territory in question having the 20 pupils; that this territory is completely surrounded by the Charter District; that said District has 3 junior high schools and a kindergarten system, that in each junior high school there is a full time professionally trained librarian and in each grade school of kindergarten to 6th grade there is a full time principal; that all of its principals have Masters Degrees; that a Bachelor's Degree is required for regular employment as a teacher; and that there are 364 teachers in the district and only 12 or 13 do not have a Bachelor's Degree, and 100 or 112 have Masters. The evidence further showed that the starting salary is $4,950 a year and the average is $6,150.00; that the average ration of teachers to pupils is 1 to 25; and that it has special services for handicapped children and homebound instruction and special classes for gifted students.

■ The evidence clearly showed that the proposed detachment and annexation to the Charter District will in no way affect the educational facilities of either district and the loss in revenue by the Spaulding District appears to be the only detrimental factor which would result from the proposed detachment. With every detachment and annexation there is a resulting loss of tax base valuation and of income to the district losing a portion of its territory, but this alone cannot be considered as preventing detachments and annexations when it appears that the maximum rate is not being levied by the district from which the territory is being detached. (School Directors of School Dist. No. 82, County of Whiteside v. Wolever County Board of School Trustees, 34 Ill App2d 95, 180 NE2d 345; Community Unit School Dist. v. County Board of School Trustees, 9 Ill App2d 116, 132 NE2d 584.)

■ The contention of the appellant that these and a previous 100 annexations, more or less, are contrary to the public interest and the persons involved in that they have created a situation which jeopardizes the physical integrity of its school system is not supported by the evidence. There was no showing the district had reached its legal limit tax wise or that it was unable to continue its operations without the tax revenue from the territories in question.

The manifest weight of the evidence supports the decisions of the boards and the Circuit Court of Lake County in that the annexations will be for the best interests of the schools of the area and the educational welfare of the pupils.

Judgment affirmed.

ABRAHAMSON, P. J. and DAVIS, J., concur.