**Dale C. McNary, et al., Plaintiffs-Appellees, v. County Board of School Trustees of Peoria County, Illinois, Board of Education, School District No. 120, Peoria Heights, Illinois, Board of Education of the City of Peoria, School District No. 150, Peoria County, Peoria, Illinois, Defendants. Board of Education, Community High School District No. 312, Peoria County, Illinois, Defendant-Appellant.**

**Gen. No. 64–66.**

Third District.

October 19, 1965.

C. B. Ullrick, of Peoria, for appellant.

Max J. Lipkin, of Peoria, for appellees.

STOUDER, J.

This is an appeal from a judgment of the Circuit Court of Peoria County, reversing an order of the Board of School Trustees of Peoria County. The order of the Board of School Trustees granted detachment of one lot from District 150, being the district for the City of Peoria, and, annexed said lot to Community High School District 312, hereinafter referred to as the Richwoods District and District 120, a grade school district, referred to as the Peoria Heights District. District 150 is a charter district in which boundaries are expanded in accordance with annexations to the City of Peoria. Within ninety days after territory is annexed to the City of Peoria, detachment proceedings must be instituted before the County Board of School Trustees. In this case Appellees, Dale C. McNary and Lillie McNary, being the owner of one lot contiguous to the city limits of the City of Peoria, filed their petition with the Peoria City Council requesting annexation and pursuant thereto Appellees' lot was annexed to the City of Peoria. Richwoods Community High School District 312 and Peoria Heights District 120 being the districts in which the lot was located prior to annexation, filed their petition with the Peoria County Board of School Trustees, requesting detachment from the Peoria District 150 and annexation to their respective districts. The Board of School Trustees after considering the petition and evidence presented to it, entered an order granting the petition for detachment. A complaint for a review of the order of the County Board of School Trustees was filed by Dale C. McNary, Lillie McNary and Peoria District 150 in the Circuit Court of Peoria County under the provisions of the Administrative Review Act. The Circuit Court of Peoria County reversed the order of the County Board of School Trustees and it is from this judgment that Rich-

woods Community High School District 312 appeals to this court. No questions are raised on this appeal with respect to the procedure or pleadings. The Peoria Heights District 120 did not join with Appellant in appealing from the order of the Peoria County Circuit Court.

In Wallace v. Annunzio 411 Ill 172, 103 NE2d 467, as followed in Welch v. County Board of School Trustees of Peoria County, 22 Ill App2d 231, 160 NE2d 505, the Court held, "That the findings of an Administrative Agency must be supported by substantial evidence, and that the Court has power to review all questions of law and fact presented by the record. Where it is found that the order of an Administrative Agency is without substantial foundation in the evidence, it is the duty of the Courts to set it aside." We agree with these principles.

With respect to the evidence presented before the Board it is undisputed that the area affected by the detachment and annexation proceeding consisted of one lot owned by Appellees, Dale C. McNary and Lillie McNary, and that the lot was located within the corporate limits of the City of Peoria. The McNarys are the parents of four prehigh school children ranging in age from six months to fourteen years. The lot is located approximately four miles from the Richwoods Community High School and approximately two miles from the Peoria High School. The assessed valuation of the Richwoods District is in excess of eighty-eight million dollars.

The McNarys testified in support of their request to remain in the Peoria district that their area is oriented toward the city of Peoria and that the attendance of the McNary children in the Peoria schools would be in accord with this orientation.

It is conceded by all parties that there is no significant difference between the physical facilities, curricu-

lum or opportunities of the districts involved. Both districts offer excellent educational programs and have fine facilities. It is also conceded that the granting or denial of the detachment petition will not materially affect either district herein involved or the educational program of the entire area. Appellant, in support of its petition for detachment introduced evidence showing that property with an assessed valuation of three hundred and sixty thousand forty dollars had previously been detached from its district and annexed to the Peoria district. Appellant argues its evidence showed superior bus transportation even though it admits that the Peoria schools are adequately served by the Peoria city bus service which is satisfactory to the McNarys. Appellant argues that on the basis of the foregoing evidence the order of the County Board of School Trustees was supported by substantial competent evidence and that the conclusion of the Circuit Court to the contrary was erroneous. We agree with Appellee's contention that the fact concerning previous detachment is irrelevant. Nothing can be inferred from this fact standing alone which can have any bearing on the issues in the instant case.

 In the recent cases of Oakdale Community Consol. School Dist. No. 1 v. County Board of School Trustees, 12 Ill2d 190, 145 NE2d 736, and Trico Community Unit School Dist. No. 176 v. County Board of School Trustees of Randolph County, 8 Ill App2d 494, 131 NE2d 829, it is stated ". . . although the residents . . . may initiate a petition for detachment because of personal desires or convenience, much more is needed to support the Board's decision to change established boundaries. The welfare of the affected districts and their pupils as a whole must control rather than the wishes of a few, and such petitions granted only where the benefit derived by the annexing and affected area clearly outweighs the detriment

169

resulting to the losing district and the surrounding community as a whole." The substance of the tests announced in these cases is that the advantage and detriment to the districts involved, as well as to the educational program of the entire area and the educational welfare of the pupils involved, must be considered as well as the wishes and desires of the residents of the affected area. Applying the principle to the instant case it is apparent and in fact conceded by both parties that neither the districts involved nor the area as a whole would be affected in any way by the outcome of this proceeding.

As indicated in Welch v. County Board of School Trustees of Peoria County, 22 Ill App2d 231, 160 NE2d 505, where the decision of the County Board of School Trustees is unsupported by substantial competent evidence, the Board's ruling should not stand. The order of the Circuit Court setting aside such conclusion was, therefore, proper.

Since we find no error in the judgment of the Circuit Court of Peoria County, the judgment is affirmed.

Affirmed.

ALLOY, P. J. and CORYN, J., concur.