**The Board of Education of the City of Bloomington, County of McLean and State of Illinois, Being the Board of Education of Bloomington School District No. 87, County of McLean and State of Illinois, Plaintiff-Appellee, v. The County Board of School Trustees of McLean County, The Board of Education of Community Unit School District No. 5, McLean County, Illinois, Ray Page, Superintendent of Public Instruction of the State of Illinois, Harry C. Cade, et al., Defendants, The Board of Education of Community Unit School District No. 5, McLean County, Illinois, Defendant-Appellant.**

Gen. No. 10,779.

Fourth District.

December 22, 1966.

Kenneth H. Lemmer, of Havana, and Simon L. Friedman, of Springfield, for appellant.

Pratt, Heffernan & Ramseyer, of Bloomington (John T. Pratt and Robert E. Williams, of counsel), for appellee.

CRAVEN, P. J.

A certain 39½-acre tract of ground was annexed to the city of Bloomington. The effect of that annexation was automatic annexation of the territory to Bloomington Special Charter District No. 87, appellee herein, unless within the time prescribed by statute, proceedings as outlined in ch 122, sec 7–2.1 (Ill Rev Stats 1963, c 122, par 7–2.1) are invoked.

In this case the requisite petition was filed within the time specified by statute, and pursuant to the petition the Superintendent of Public Instruction caused a hearing to be held. The statute provides that if either the County Board of School Trustees or the School Board decides that the annexation is not in the best interests of the schools of the area and the pupils therein, an order may be entered setting aside the annexation.

In this case the McLean County Board of School Trustees entered an order by a vote of 4 to 3 setting aside the annexation of the premises to Special Charter District No. 87. That order was appealed under the provisions of the Administrative Review Act to the circuit court of McLean County. There an order was entered reversing the order of the County Board of School Trustees, thereby making the annexation a reality. This appeal is from that judgment.

Community Unit School District No. 5, McLean County, Illinois, completely surrounds the city of Bloomington and Special Charter District No. 87. The geography of the two districts is such that any annexation of territory to District No. 87 would necessarily result in detachment from District No. 5. The tract here involved carried an assessed valuation of some $140,000. The record before us establishes that from the year 1959 to and including the annexation here involved in July of 1963, there have been some 30 incidents of annexation involving property with an assessed valuation, in the aggregate, at the date of annexation of some $2,784,000.

370

■ The parties to this proceeding agree that the decision of the County Board of Trustees must be measured by the statutory standard "that the public interest and the welfare of the districts and persons involved" shall govern. They further agree that the statutory standards for the guidance of the administrative agency must be met and must be established by the record. Community Unit School Dist. No. 6 v. County Board of School Trustees, 9 Ill App2d 116, 132 NE2d 584 (3d Dist 1956). If from that record it can be judicially determined that there has been no departure from the standards and the finding is supported by substantial, competent evidence, then there is to be no judicial interference with the determination. The Administrative Review Act makes the findings of the administrative agency on questions of fact deemed to be prima facie true and correct. (Ill Rev Stats 1963, c 110, par 274.)

This, then, is a contest between two school districts over the annexation of territory by one and detachment from another. The record before us establishes, and indeed each concedes, that the other operates an excellent educational program augmented by the modern-day emoluments necessary for a complete, well-rounded education. School District No. 5 contains approximately 200 square miles of territory in the rural areas surrounding the city of Bloomington but also including the town of Normal and the villages of Hudson and Towanda. School District No. 87 is geographically much smaller—some 9½ square miles—but includes all of the metropolitan area of the city of Bloomington. School District No. 5 has an enrollment of some 4,700 students compared to an enrollment of 6,700 for District No. 87. The assessed valuation of the two districts indicates approximately the same wealth per student in 1963. Both districts would offer free transportation to the students involved in the disputed tract, although for the junior high and high school program for Unit District No. 5 the students

would necessarily be transported around or through the city of Bloomington to attendance centers in the town of Normal.

The record before us demonstrates that both districts have experienced an increase in the educational cost per student, but the record rather clearly demonstrates the prospects of decreasing assessed valuations for the territory comprising District No. 87 in the absence of annexation of peripheral territory. Only one property owner in the affected tract with children in school testified and he expressed a preference that his children remain in District No. 87. The record clearly establishes that residents of that tract are oriented socially, economically and culturally toward the city of Bloomington.

The circuit court determined that the order of the County Board of School Trustees was not supported by substantial evidence and further that the annexation of the involved premises to District No. 87 was for the best interests of the schools of the area and the educational welfare of the pupils. We agree with that judgment.

School districts, in order to perform their duty of providing adequate educational facilities, must be able to plan programs, budget on the basis of assessed valuations and anticipate some stability as to territory and enrollment within the district. The fact of this annexation clearly would not interfere with the performance of that duty in that the specific annexation would have little economical effect. It is equally clear, however, that continual annexation by District No. 87 of territory of Unit District No. 5 will at some point cross the line of the permissible and result in an interference and conflict with the best interests of the schools of the area and the educational welfare of the pupils in Unit No. 5. This record does not indicate that the point has yet been reached. In affirming the action of the circuit court of McLean County in this case we cannot be unmindful of

the prior annexations. While they are relevant, they are not here determinative of the issue. Bloom Township High School Dist. No. 206 v. County Board of School Trustees, 59 Ill App2d 415, 207 NE2d 694 (1st Dist 1965); Horth v. Board of Education of School Dist. No. 205, 42 Ill App2d 65, 191 NE2d 601 (2d Dist 1963). But see McNary v. County Board of School Trustees, 64 Ill App2d 165, 211 NE2d 141 (3d Dist 1965).

■ ■ The statutory standard for administrative determination of this matter is very broad. While we need not be unmindful of prior annexations, neither are we free to ignore the possibility of future annexation. We must be concerned with the welfare of the districts and the pupils. Neither convenience nor the wish of the residents can be determinative.

Economic reality must cause us to observe that this statutory framework can well permit of nibbling away at territory, taking more in the aggregate than would or could be permitted at any one time. The dilemma of prescribing legislatively the confinement of District No. 87 to its existing territory or permitting the piecemeal dissection of Unit No. 5 must be resolved in a legislative, not a judicial, forum. We are not envious of the task of resolving the conflict. The judgment of the circuit court of McLean County was in accord with the existing statutory standards and that judgment is affirmed.

Affirmed.

SMITH and TRAPP, JJ., concur.