Board of Education of Springfield School District No. 186, Sangamon County, Illinois, Plaintiff-Appellant, v. Thomas Scott, Wilson Park, John Akin, Elwin Johnson, William Kessler, Ralph Lederbrand and C. R. Dobson, Individually and as Members of the Board of Education of Rochester Community Unit School District No. 3A, Sangamon County, Illinois, Rochester Community Unit School District No. 3A, Sangamon County, Illinois, County Board of School Trustees, and Department of Public Instruction, State of Illinois, Defendants-Appellees.

Board of Education of Springfield School District No. 186, Sangamon County, Illinois, Plaintiff-Appellant, v. Glen Alexander, Ralph Jacobs, Max M. Summers, William D. Clark, Madison Post, Claude E. Bramlet and James R. Funderburk, Individually and as Members of the Board of Education of Chatham Community Unit School District No. 5, Sangamon County, Illinois, Ball-Chatham Community Unit School District No. 5, Sangamon County, Illinois, Sangamon

County Board of School Trustees, and Department of Public Instruction, State of Illinois, Defendants-Appellees.

Board of Education of Springfield School District No. 186, Sangamon County, Illinois, Plaintiff-Appellant, v. William D. Clark, Claude E. Bramlet, Jr., James Funderburk, Glen Alexander, Max Summers, Ralph Jacobs and Robert K. Fiersten, Individually and as Members of the Board of Education of Ball-Chatham Community Unit School District No. 5, Sangamon County, Illinois, Ball-Chatham Community Unit School District No. 5, Sangamon County, Illinois, Sangamon County Board of School Trustees and Department of Public Instruction, State of Illinois, Defendants-Appellees.

Gen. Nos. 11,013, 11,014, 11,015.
(Consolidated for Opinion.)

Fourth District.

January 23, 1969.

Rehearing denied and opinion Gen. No. 11,014 modified March 7, 1969.

Rehearing denied in Gen. No. 11,015 March 7, 1969.

Richard R. Grummon and Richard H. Putting, of Springfield, for appellant.

Raymond L. Terrell, State's Attorney of Sangamon County, of Springfield (Stanley Thomas, of counsel), Ensel, Jones & Blanchard, of Springfield (George K. Blanchard and John G. Hayes, of counsel), for appellees.

As Modified on Denial of Petition for Rehearing in General No. 11,014.

CRAVEN, J., delivered the opinion of the court.

These are three separate appeals from orders entered by the Circuit Court of Sangamon County in three separate administrative-review proceedings. In each case the circuit court affirmed an order of the Sangamon County Board of School Trustees entered in proceedings before that board for disconnection of certain parcels of land from Springfield School District (District No. 186, Sangamon County), plaintiff-appellant in each case. We have on our own motion, for purposes of decision and opinion only, combined these three appeals, inasmuch as the issue in each case is substantially the same.

In each of the three proceedings for disconnection, the board of school trustees ordered detachment from District No. 186 and that each respective parcel of land

involved revert to the school district in which it formerly was located.

Each case involves a small parcel of land in Sangamon County annexed to the city of Springfield upon petition of its owner. Prior to annexation these parcels were in certain school districts. Under the statute then in effect (Ill Rev Stats 1965, c 122, § 7-2.1), the annexation of such parcels to the city of Springfield made the annexed parcel a part of School District No. 186 (Springfield), subject to detachment, as District No. 186 is a special charter district. In each case the school district, of which each parcel had been a part prior to annexation, filed a petition for review praying that said tract be disconnected from the Springfield district, alleging that the annexation to the Springfield district was not "for the best interests of the schools of the area and the educational welfare of the pupils therein."

Testimony and evidence on each petition was heard by the State Superintendent of Public Instruction. The record and report of this hearing was transmitted to the Sangamon County Board of School Trustees and to Springfield School District No. 186. In each case the Springfield School District denied the petition for detachment and the Sangamon County Board of School Trustees approved the petition. Thereafter, in each case, the Springfield School District sought administrative review in the Circuit Court of Sangamon County to review the order of the county board of school trustees. The circuit court affirmed the order of the county board of school trustees and denied post-trial motions by plaintiff.

Springfield School District No. 186 appealed directly to the Supreme Court, contending that section 7-2.1 of the Illinois School Code was unconstitutional; that the petitions were legally insufficient; that there was no evidence or that the evidence was insufficient to sustain the orders of the county board of school trustees; that

incompetent, immaterial and irrelevant testimony was improperly admitted; and that the findings and orders of the county board of school trustees were against the manifest weight of the evidence and were outside the scope of the statute.

The Supreme Court determined that there was no fairly debatable constitutional question as to the constitutionality of section 7–2.1 of the School Code and transferred the cases to this court. This was predicated upon Schreiber v. County Board of School Trustees, 31 Ill2d 121, 198 NE2d 848 (1964), and Board of Education of Spaulding School Dist. No. 58 v. Special Charter School Dist. No. 61, 32 Ill2d 342, 205 NE2d 459 (1965), which held this section constitutional as against the same contentions here made.

An analysis of the background of the enactment of section 7–2.1 (passed in 1961) discloses that prior to its enactment when territory was annexed to a city lying within a special charter school district, that territory automatically became annexed to the charter school district, regardless of the effect upon the outlying district. Section 7–2.1 was enacted to permit the outlying district to object to the annexation to the special charter district and the disconnection from its district. The standard set by the statute is whether the proposed change of school district boundaries is for the best interests of the schools of the area and the educational welfare of the pupils.

The statute in question provided that upon petition by the school board or school trustees having jurisdiction over the property or territory either before or after annexation or disconnection, filed with the Superintendent of Public Instruction and certified copies with the board of education of the special charter district and the county board of school trustees of the county in which the county superintendent has supervision over the greatest portion of the territory of the district or districts affected,

a hearing officer should conduct a hearing. The evidence produced at the hearing then is to be considered by both boards and an order entered by each. Should either or both boards find that the public interest and public welfare of the districts and persons involved indicate need or desirability therefor, the boards, or either of them, shall enter an order setting aside the annexation or disconnection with respect to all or any part of the territory. In the event that both boards determine from the evidence that the annexation or disconnection should be prevented in whole or in part, or delayed for a stated period, such boards should so order, in which event the annexation or disconnection takes effect thirty days after entry of the order unless appealed or set aside or suspended. The decisions of the boards are deemed "administrative decisions" within the meaning of the Administrative Review Act (Ill Rev Stats 1965, c 110, par 264).

 On administrative review the test of the administrative decision is whether it is against the manifest weight of the evidence. Here the trial court determined in each of the three cases that the order of the county board of school trustees setting aside the annexation to the Springfield special charter district and the disconnection from the outlying district of which the territory formerly was a part, was not against the manifest weight of the evidence and affirmed the order.

 It is not our proper function to reweigh the evidence presented at the hearings before the administrative bodies but to determine whether the findings of the circuit court are correct or in error. However, when an administrative order is against the manifest weight of the evidence or the administrative officer has acted arbitrarily and capriciously and thereby abused his discretionary powers, it is our duty to set aside such findings. Dorfman v. Gerber, 29 Ill2d 191, 193 NE2d 770

(1963); Bruce v. Department of Registration and Education, 26 Ill2d 612, 187 NE2d 711 (1963).

The questions to be considered in these cases are the public interest and welfare of the districts and persons involved. Evidentiary consideration given effect in prior cases include: assessed-value loss due to annexation to the charter district; the quality of education afforded in each district including teacher qualifications and salary; per capita cost of education per pupil; teacher-pupil ratio; special educational programs and ability to assimilate new pupils; and distance for pupils to each school and amount of tax levy compared to maximum permissible levy.

In Case 11,013, the outlying district involved was Rochester Community Unit School District No. 3A. The territory involved was a small parcel of ground lying east of Lake Springfield. This tract adjoins the extreme southeast part of the city of Springfield where the city touches the west central part of Rochester School District. Lake Springfield covers a large area extending along an arc which swings north and northeast making a barrier between the southeast side of Springfield district and the west side of Rochester district. A portion of the lake and land areas on the east side of Lake Springfield was annexed, resulting in the present case.

Rochester district contends that the territory now in question as annexed to the Springfield district creates an artificial arrangement and detaches an area logically and geographically belonging to the Rochester district. It is urged that this factor alone is substantial evidence which supports the school trustees' decision.

The evidence shows that the Rochester district would lose only $89.03 in annual tax revenue. However that district introduced evidence of the assessed value of other lands lying in the adjacent lake area in the Rochester district and contended that future detachments of the

same nature from its district along its western boundary will result in substantial losses in tax revenue. Other testimony and considerable argument was advanced to support this contention. It is asserted that future losses of adjacent territory might jeopardize recognition by the State of Illinois and would tend to decrease the quality of teachers and equipment which the district's revenues then would support.

The record shows that the territory involved had no students residing in it. Testimony was admitted to show the territory was remote from many of the services the Springfield district would give; that high school students would have to travel some distance to attend Springfield High School; that the area in question is served by the Rochester district busses; and that in the opinion of certain witnesses the retention of the territory in the Rochester district would be conducive to the educational growth and benefit of the students.

Certain testimony was introduced on behalf of the Springfield district that it had been the policy of the Springfield district for many years to annex a school district in the metropolitan area upon petition of that district regardless of the number of pupils involved, and that the annexation would save a tremendous amount of money in holding school elections as the city assumes the cost of school elections within the city except for the printing of ballots. Opinion evidence of the superintendent of the Springfield district was introduced. He testified that it is detrimental to student interests and to educational programs when a corporate body annexes territory but omits it from its school district, as the best interests are served where the property and children are identified with the city and its school district.

The Rochester district further urges that even if the findings of the board as to the facts in evidence before the board of school trustees which were the main reasons for its action are not alone sufficient to justify

its order, the minutes of the board show the trustees thoroughly discussed the testimony presented to them.

■ On this record, we are of the opinion that the evidence is not sufficient to support the order and that the order was against the manifest weight of the evidence. There being no pupils in the annexed territory, no testimony possibly could be produced, nor was any produced, to meet the consideration and test of the educational welfare of the pupils. The consideration of testimony concerning what may result if future annexations to the Springfield district and detachments from the Rochester district are effected, was erroneous. It could have no logical bearing on the effect of annexation of the particular territory here involved.

■ ■ Here, as in the case of Board of Education of City of Bloomington v. County Board of School Trustees, 77 Ill App2d 368, 222 NE2d 343 (4th Dist 1966), while we need not be unmindful of prior annexations, neither are we free to ignore the possibility of future annexation. The fact of this annexation to the Springfield district clearly would not adversely affect the public interest and welfare of the districts and the persons involved. It is equally clear, however, that continual annexation to the Springfield district of territory of its adjoining districts will, at some point, cross the line of the permissible and result in an interference and conflict with the best interests of the schools of the area and of the persons therein. Each annexation or detachment must be examined in the light of the facts then existing, and for that purpose we believe it impermissible to speculate as to the effect of future and wholly contingent annexations or detachments. As we view the applicable statute, the legislature has prescribed as our only standard the necessity for making a factual determination of whether the detachment or annexation under review is contrary to the best interests of the districts involved and the persons therein.

201

The evidence before the board of school trustees was neither substantial nor sufficient to support its order of detachment from the Springfield district. Its order was, therefore, against the manifest weight of the evidence and the circuit court was in error in affirming the order.

Case No. 11,014 involved a detachment from Ball-Chatham Community Unit School District No. 5, Sangamon County, of a 1.78-acre tract of vacant, unimproved and unoccupied land having no school pupils. This tract is approximately six to seven miles from the Ball-Chatham grade school, six miles from the high school and six miles from the junior high school of the Ball-Chatham district. It is .6 miles from the nearest Springfield-district grade school, 1½ miles from the nearest junior high school and 3 to 3.7 miles from two available high schools. The estimated annual tax revenue of the tract was $400. Basically, the same evidence was introduced as to this tract as was in the Rochester-district case.

██ ██ Case No. 11,015 involved a detachment from Ball-Chatham Community Unit School District of a small parcel of five acres of ground lying south of Springfield on U. S. Route 66, unimproved, unoccupied and having no pupils. The testimony introduced in this matter was similar to that in the other two cases. The financial tax loss would be $45 to $50 annually. The court here refused to consider the question of tax-revenue loss since there had been no showing that the district had reached its maximum legal tax levy. In this determination the trial court was correct. In every detachment proceeding there is a tax base valuation loss with a resultant loss of income to the district from which detachment is made, but this can in no way affect educational facilities detrimentally unless the maximum legal tax rate already is being levied. School Directors of School Dist. No. 82 v. Wolever, 34 Ill App2d 95, 180

NE2d 345 (2nd Dist 1962), affd, 26 Ill2d 264, 186 NE2d 281 (1962) ; Community Unit School Dist. No. 6 v. County Board of School Trustees, 9 Ill App2d 116, 132 NE2d 584 (3rd Dist 1956) ; Board of Education of Spaulding School Dist. No. 58 v. Special Charter School Dist. No. 61, 32 Ill2d 342, 205 NE2d 459 (1965). In the two latter cases, like the Rochester-district case, the findings and orders of the board of school trustees were against the manifest weight of the evidence. No pupils were involved in any one of these territories and tax-revenue losses were minimal. It is virtually impossible to conceive of any manner in which testimony could have been available or presented to support a finding that the annexation was contrary to the educational welfare of the pupils of the area. Mere conjecture or projections of detriments to be occasioned by future possible detachments cannot support an order setting aside or suspending an annexation to a special charter district.

■ As has been stated previously, the dilemma of prescribing legislatively the confinement of a special charter district to its existing territory or permitting the piecemeal dissection of adjoining noncharter school districts is a legislative, not a judicial task. Under the present statutory provisions, evidence sufficient to satisfy the standards presently prescribed must be produced before an annexation can be set aside or suspended. In this respect the records before us are wholly insufficient.

The judgment of the Circuit Court of Sangamon County in each case is reversed and these cases are remanded to that court with directions to enter orders reversing the Sangamon County Board of School Trustees.

Reversed and remanded with directions.

TRAPP, P. J. and SMITH, J., concur.