19 Ill. App.3d 584 (1974)
312 N.E.2d 35
CYRIL T. NEWMAN et al., Plaintiffs-Appellees,
v.
COUNTY BOARD OF SCHOOL TRUSTEES OF VERMILION COUNTY, Defendant  (ARMSTRONG-ELLIS CONSOLIDATED SCHOOL DISTRICT NO. 61 OF VERMILION COUNTY, Defendant-Appellant.)
No. 12345.
Illinois Appellate Court  Fourth District.
May 27, 1974.
*585 Wright, Young and Wright, of Danville (M. Eugene Wright, of counsel), for appellant.
Dyer, Richmond, Moore & Nelson, of Hoopeston (Joseph C. Moore, of counsel), for appellees.
Judgment affirmed.
Mr. JUSTICE CRAVEN delivered the opinion of the court:
The plaintiffs petitioned the County Board of School Trustees of Vermilion County for detachment of a portion of the district in which they reside from Armstrong-Ellis Consolidated School District No. 61 and for ultimate annexation to School District No. 8 (hereinafter referred to as Rankin School District No. 8). After hearing, the County Board of School Trustees denied the petition. Upon administrative review, the circuit court reversed on the basis of the County Board of School Trustees' decision being contrary to the manifest weight of the evidence. We affirm.
The tract of land which would be detached from the defendant district lies at the north end of the district and adjoins the southern boundary of Rankin School District No. 8. At the time the petition was filed, it had an assessed valuation of $636,370 and contained the residences of 11 students attending the defendant district. Due to overlapping districts, students from the tract attended Armstrong-Ellis Consolidated District No. 61 for elementary and junior high school, and then transferred to Rankin High School District No. 223 for their high school education. The tract had been part of the Ellis district which had joined with the Armstrong district to form Armstrong-Ellis Consolidated District No. 61.
The defendant district operates two school buildings. Grades 1 through 5 are in the Armstrong elementary building, which is 7 to 7 1/2 miles from the center of the tract in dispute. Grades 6 through 8 are held in the Ellis Junior High building, which is 4.3 miles from the Armstrong elementary building, although it is only 3 1/2 to 4 miles from the center of the disputed tract. Under the busing program in effect at the time the petition was filed, the junior high students from the tract covered in the petition were bused to the Armstrong elementary building and then changed buses for transportation to the junior high building. The Rankin elementary building is approximately 6 to 6 1/2 miles from the center of the disputed tract. The students living within the tract covered by the petition were being transported from a minimum of 4.4 miles to a maximum of 7.4 miles more each direction than they would have been if they were attending Rankin elementary school.
The educational opportunities offered by the two school districts are *586 similar. The record indicates Rankin's seventh and eighth grade boys receive industrial arts training. The Rankin seventh and eighth grade girls receive arts and crafts training. No evidence was presented of similar programs in the defendant district. Class size is larger in the Rankin system. The Rankin School District No. 8 employs a part-time school nurse. Armstrong-Ellis Consolidated School District No. 61 has none. The Rankin district operated a kindergarten. When the petition for detachment-annexation was filed, the defendant district did not operate a kindergarten although one was scheduled for the following year.
Rankin School District No. 8 is conditionally recognized by the Superintendent of Public Instruction due to physical plant inadequacies that have been or are being corrected. Armstrong-Ellis Consolidated District No. 61 is fully recognized.
Several witnesses testified at the hearing on the petition that the Rankin elementary and high school district programs were more compatible than those of the defendant district and Rankin High School District No. 223. Under the present system, Rankin High School District No. 223 administrators must test eighth graders who will enter their high school system at both Rankin elementary school and at the defendant district's junior high school. The present structure also operates to preclude students from the tract in question from being elected class officers, student government officers, or athletic and cheerleading captains for ninth grade as the elections are held at Rankin in the spring before actual entry into the ninth grade.
The majority of the residents of the tract in question favored granting the detachment-annexation petition as their social and community ties were in Rankin. Additionally, many residents supported the petition because they could not provide transportation for their children to extracurricular activities in three widely separated school buildings, i.e., Armstrong elementary, Ellis Junior High, and Rankin High School.
The superintendent and school board of the defendant district opposed the granting of the petition because it would have caused a loss of approximately $8000 in revenue to the district. The superintendent and board president testified this loss might require a curtailment of programs in the school with the music program being the most affected. It was also feared a return to split grade classrooms might become necessary if the petition were to be granted.
In denying the petition for detachment-annexation, the County Board of School Trustees of Vermilion County found that detachment would adversely affect educational conditions presently existing in the defendant district; that the proposed detachment would not be in the best interests of the educational welfare of either all of the students at the defendant *587 district or of the pupils residing in the territory sought to be detached; that there had been no showing of substantial benefits to the pupils presently residing in Rankin School District No. 8 in the event annexation would be granted; that the loss of funds caused by detachment would materially damage the ability of defendant district to provide the best educational program to the pupils within that district without a corresponding educational benefit to Rankin School District No. 8, or its pupils; that the educational welfare of all pupils was of greater weight than the shopping, banking, social or school preference of the parents residing in the territory sought to be detached; and that it was in the best interests of the schools of the area and the educational welfare of the pupils in all of the areas involved that the proposed change in boundaries not be granted.
 1 Under the Administrative Review Act (Ill. Rev. Stat. 1973, ch. 110, ¶ 264 et seq.), the findings and conclusions of the Board on questions of fact are prima facie true and correct. The court's duty is to ascertain if the findings and decision of the administrative agency are against the manifest weight of the evidence. (Peterson v. Board of Trustees, 54 Ill.2d 260, 296 N.E.2d 721.) We must review the decision of the circuit court to reverse the County Board of School Trustees in light of this standard.
Under section 7-6 of the School Code (Ill. Rev. Stat. 1973, ch. 122, ¶ 7-6), the county board of school trustees is to hold a hearing on the petition for detachment-annexation. The board is to:
"* * * hear evidence as to the school needs and conditions of the territory in the area within and adjacent thereto and as to the ability of the districts affected to meet the standards of recognition as prescribed by the Superintendent of Public Instruction, and shall take into consideration the division of funds and assets which will result from the change of boundaries and shall determine whether it is to the best interests of the schools of the area and the educational welfare of the pupils that such change in boundaries be granted, and in case non-high school territory is contained in the petition the normal high school attendance pattern of the children shall be taken into consideration."
 2 The Illinois Supreme Court in Oakdale Community Consolidated School District No. 1 v. County Board of School Trustees, 12 Ill.2d 190, 145 N.E.2d 736, interpreted the above statutory language to establish the following test: Detachment-annexation petitions should be granted only where the benefit derived by the annexing and affected areas clearly outweighs the detriment resulting to the losing district and the surrounding community as a whole. The wishes and desires of the residents of the affected area may be considered along with the advantages and *588 detriment to the districts involved, the educational programs of the entire area, and the educational welfare of the pupils involved, although personal preferences may not be the sole criteria. (McNary v. County Board of School Trustees, 64 Ill. App.2d 165, 211 N.E.2d 141; Board of Education v. County Board of School Trustees, 19 Ill. App.2d 196, 153 N.E.2d 378.) Where the record shows neither district will be affected in any substantial measure, the determination to grant or deny the petition should be made to turn solely on the welfare of the pupils in the area to be detached. (Bowman v. County Board of School Trustees, 16 Ill. App.3d 1082, 307 N.E.2d 419.) The beneficial effects of attending a school within close proximity to the student's home were recognized by this court in Richey v. County Board of School Trustees, 13 Ill. App.3d 68, 299 N.E.2d 609. Transportation time and costs, fatigue, and exposure to accidents are minimized. Additionally, a child's identification with a school in his natural community center will lead to increased participation in school activities by the student and his family. The result is a salutary effect upon the educational welfare of the students and the area.
 3 The only evidence of detriment to the defendant district's educational programs concerns the loss of $8000 in revenue if the detachment were to be ordered. For this to be a valid basis for denial of a detachment-annexation petition, it must be shown that a serious depletion in the tax resources of the defendant district would occur. (Oakdale; Bowman.) However, the tax base valuation loss and resulting loss of revenues can in no way affect educational facilities detrimentally unless the maximum legal tax rate is already being levied. If it is not, the loss of assessed valuation alone will not prevent detachment. Board of Education v. Scott, 105 Ill. App.2d 192, 244 N.E.2d 821; Bowman.
Rankin School District No. 8 had an assessed valuation of approximately $6,500,000, and was levying its maximum tax rates for both the educational and building funds. The Armstrong-Ellis Consolidated School Distrct No. 61 had an assessed valuation of approximately $8,500,000. It was not levying its maximum educational fund tax rate. Therefore, it can be seen that any possible detriment to the defendant district was not of such nature as to support the denial of the detachment-annexation petition.
Based upon the evidence concerning similarities in the educational programs of the defendant district and the Rankin district, the normal high school attendance pattern of the children residing on the tract in question, the shorter bus rides required for their children to attend the Rankin school system, the increased possibilities for participation in school and extra-curricular activities, and the personal preferences of residents of this tract for the Rankin school system, it is clear that the decision *589 of the County Board of School Trustees to deny the petition was against the manifest weight of the evidence. The judgment of the circuit court so holding should be, and is, affirmed.
Judgment affirmed.
TRAPP, P.J., and SIMKINS, J., concur.