HAROLD C.' LOCHER *et al.*, Plaintiffs-Appellants, *v.* COUNTY BOARD OF SCHOOL TRUSTEES OF VERMILION COUNTY *et al.*, Defendants-Appellees.

(No. 12702; )

Fourth District—June 19, 1975.

Fleming & McGrew, of Watseka (Milo J. Fleming and Dwight W. McGrew, of counsel), for appellants.

Dyer, Richmond, Moore & Nelson, of Hoopeston (Joseph C. Moore, of counsel), for appellees.

Mr. PRESIDING JUSTICE SIMKINS delivered the opinion of the court:

Plaintiffs-appellants petitioned for detachment of a parcel of land, consisting of approximately 680 acres, from Community Unit School District No. 11 of Vermilion-Iroquois County, Illinois (hereinafter referred to as the Hoopeston District), and for annexation of the parcel to Community Unit School District No. 6 of Iroquois County (hereinafter designated the Cissna Park District). Their petition to detach was denied by the County Board of School Trustees of Vermilion County and their petition to annex was allowed by the County Board of School Trustees of Iroquois County. Petitioners appealed the decision of the Vermilion County Board to the circuit court of Vermilion County which

affirmed the board's decision, finding that the decision of the order of the board, denying detachment, was not contrary to the manifest weight of the evidence and was based upon substantial evidence in the record. This appeal is from the order of the circuit court.

The Hoopeston District, from which detachment is sought, was created in an election held December 16, 1972. As a result of this election Community Unit School District No. 4 of Vermilion County and Community Unit School Districts Nos. 6 and 22 of Vermilion County were combined to form the Hoopeston District. District No. 4 (which was the old Hoopeston District) lay entirely within Vermilion County. Districts Nos. 6 and 22 contained territory in both Iroquois and Vermilion Counties. The petition which gave rise to this appeal was filed July 2, 1973, and was signed by 19 petitioners (plaintiffs-appellants herein). The territory sought to be detached lies entirely within Fountain Creek Township in Iroquois County, and in the northwest corner of the newly created Hoopeston District. Six elementary and three high school students resided in the contested parcel which had an assessed valuation of $455,230. Several of the plaintiffs were signers of the petition to create the Hoopeston District and were present at a meeting where objections to its formation were to be heard, but raised no objections. It is fair to say that these petitioners felt that they would be unable to be attached to the Cissna Park District unless the Hoopeston District was created.

Section 7—6 of the School Code (Ill. Rev. Stat. 1973, ch. 122, § 7—6) provides, in pertinent part, that the county board of school trustees, in determining whether or not to grant a petition for detachment shall hear evidence as to school needs and conditions of the territory, and as to the ability of the affected districts to meet the standards of recognition prescribed by the Superintendent of Public Instruction, to consider the division of funds and assets which result from a change in boundaries "* * * and shall determine whether it is to the best interests of the schools of the area and the educational welfare of the pupils that such change in boundaries be granted * * *."

Plaintiffs argue that the board based its decision entirely on the financial impact which would result from the detachment. They cite *Newman v. County Board of School Trustees,* 19 Ill.App.3d 584, 312 N.E.2d 35, and *Wheeler v. County Board of School Trustees,* 62 Ill. App.2d 467, 210 N.E.2d 609, for the proposition that financial detriment to the losing district will not, standing alone, justify denial of a petition for detachment unless the financial loss will seriously interfere with the operation of the district. There is nothing in the record which compels the conclusion that the board did, in fact, base its denial of the

petition entirely on the anticipated financial loss to the district. It heard a substantial amount of evidence relating to other factors properly to be considered in arriving at its decision.

It would unduly burden this opinion to recite in detail the evidence which was presented to the board, and which was considered by the circuit court in arriving at its decision. Several of the petitioners testified to their lack of community affiliations with the Hoopeston area and to their identification with the Cissna Park area. They related such contacts as shopping in Cissna Park, marketing grain there, the presence of friends and relatives in that area, and receiving the Cissna Park newspaper. That these relatives could care for their younger children after school and their children could stay with the relative in the event they returned to the school for evening activities. This testimony may be summarized by saying that all of the petitioners who testified had substantial business and social contacts with Cissna Park and virtually no such contacts with Hoopeston.

The Hoopeston District's proposed 1973 tax levy is the maximum levy permissible without referendum. Cissna Park is not levying the maximum permissible rate. Its total assessed valuation is $36,604,176. The parcel sought to be detached has an assessed valuation of $455,230. The assessed valuation per pupil is $17,661.15 which is below the State average. This would be reduced to $17,507.33 after detachment. The proposed 1973 tax levy would produce $703,991.42 before detachment and $694,613.68 should detachment occur. This results in a loss of $9377.74 to the educational fund and in a loss of $2276.16 to the building fund. The business manager for the Hoopeston District testified that this would hurt the spending operation of the district but would not result in a material change in the program. The financial impact of the detachment standing alone, would not constitute a serious interference with the operation of the district within the rule of *Newman v. County Board of School Trustees*, 19 Ill.App.3d 584, 312 N.E.2d 35 and *Wheeler v. County Board of School Trustees*, 62 Ill.App.2d 467, 210 N.E.2d 609.

There is substantial evidence in the record to support Hoopeston's claim to a more varied curriculum and a more competitive school program, and there is testimony that this is a benefit to the students. Both schools are accredited and accorded full recognition status by the Superintendent of Public Instruction. Cissna Park has a somewhat better teacher-pupil ratio than Hoopeston. The petitioners reside closer to Cissna Park than to Hoopeston, by distances ranging from 3½ to 6½ miles.

■■ *Bowman v. County Board of School Trustees*, 16 Ill.App.3d 1082, 307 N.E.2d 419; *Richey v. County Board of School Trustees*, 13 Ill.App.

3d 68, 299 N.E.2d 609; *Burnidge v. County Board of School Trustees,* 25 Ill.App.2d 503, 167 N.E.2d 21; *Oakdale Community Consolidated School District No. 1 v. County Board of School Trustees,* 12 Ill.2d 190, 145 N.E.2d 736 and *Bloom Township High School Number 206 v. County School Trustees,* 59 Ill.App.2d 415, 207 N.E.2d 694, are representative of cases dealing with detachment. They contain statements of the law with which neither of the parties here are in disagreement. The facts vary from case to case, and the cases finally come to rest upon an application of the propositions that a reviewing court will not reverse the action of a county board of school trustees when the court determines that the board's decision is not contrary to the manifest weight of the evidence and it appears that in arriving at its decision the board has complied with the general standards set forth in section 7—6 of the School Code (Ill. Rev. Stat. 1973, ch. 122, § 7—6). Here these standards have been met. The various factors established by the evidence cannot be placed upon a scale and weighed to produce a result which is correct to a mathematical certainty. The trustees are better acquainted with local conditions, and the decision to permit or to deny detachment is best left to local decision without interference by the courts, provided the general statutory guidelines have been complied with, and the record contains, as it does here, evidence to support the decision. Whether this court, given these facts, would have reached the same decision is beside the point.

■■ Plaintiffs also contend that the board should have made certain findings of fact in denying their petition. The only real question here was the weight to be attached to undisputed questions of fact. The plaintiffs made no objection to lack of findings in the trial court and are precluded from raising the question for the first time in this court. *St. James Temple v. Board of Appeals,* 100 Ill.App.2d 302, 241 N.E.2d 525.

Judgment affirmed.

TRAPP and GREEN, JJ., concur.