EARL E. RICHEY *et al.,* Plaintiffs-Appellees, *v.* COUNTY BOARD OF SCHOOL TRUSTEES OF JERSEY COUNTY *et al.,* Defendants-Appellants.

(No. 12219;

Fourth District—July 25, 1973.

Suddes, Davis & Wittman, of Jerseyville, for appellants.

John A. Farrell, of Alton, for appellees.

Mr. PRESIDING JUSTICE CRAVEN delivered the opinion of the court:

The plaintiffs petitioned the County Board of School Trustees of Jersey County for detachment of an 80-acre tract of land upon which they reside from Community Unit District No. 100, Jersey and Greene Counties, and for ultimate annexation to Community Unit District No. 9 of Jersey and Macoupin Counties. After a hearing, the County Board of School Trustees denied the petition. Upon administrative review, the circuit court reversed and ordered the requested detachment and implementation of the requested annexation. We affirm.

We agree with the conclusion of the trial court that there was no substantial evidentiary basis for the denial of the petition. By the terms of paragraph 7—6 of chapter 122, Illinois Revised Statutes, 1971, the county board of school trustees is required to hear evidence as to the school needs and condition of the territory, and is to consider the ability of the districts affected to meet the standards of recognition as prescribed by the superintendent of public instruction; and in determining the detachment, the county board of school trustees is to take into consideration the division of funds and assets which will result from the change of boundaries; and, finally, shall determine whether the requested detachment and annexation is in the best interests of the schools of the area and the educational welfare of the pupils.

In this case, the evidence is to the effect that the requested detachment and annexation would have no substantial financial effect on either district—indeed such effect would be so minute as to be irrelevant in the consideration of this case. The evidence was to the effect that the

petitioners would be better served and their children would be better served by the bus routes of Community Unit District No. 9 in that the required bus ride would be substantially shorter. The evidence is further to the effect that petitioners were oriented, both socially and in a business sense, with reference to Community Unit District No. 9; and the detachment and annexation would in no way adversely affect the ability of either school district to meet the standards as prescribed by the superintendent of public instruction.

■■ Indeed, the only evidence bearing on the opposition to the detachment by Community Unit District No. 100 was the statement by the superintendent of that district to the effect that the board of education of that district opposed the petition because of the probability of resulting further petitions to detach territory from the district. In *Wheeler v. County Board of School Trustees*, 62 Ill.App.2d 467, 210 N.E.2d 609, in considering a similar issue, the court concluded that mere speculation or probability that the requested detachment would set a precedent for the future was not a sound basis for denial of detachment. We agree.

The facts in this case are strikingly similar to the facts as set forth in *Burnidge v. County Board of School Trustees*, 25 Ill.App.2d 503, 167 N.E.2d 21. The court there stated:

"So far as any benefit or detriment to either district is concerned the record shows that neither district will be affected in any substantial measure. Thus, the determination should be made to turn solely upon the welfare of the pupils. It is clear from the record that none of the pupils of either district excluding the students who live in the territory petitioning, will be affected by the granting or denial of the petition. But on the other hand, the evidence clearly shows that the welfare of the students living in the territory sought to be changed will clearly be affected.

Assuming that the educational opportunities in the district are equal, we cannot overlook the obvious advantage to a child of attending a school in close physical proximity to the child's home. In addition to the savings in transportation costs, and diminution in time spent daily by children riding a bus, there would be a certain safety factor by reason of diminution of exposure and certainly a lessening of fatigue accompanying a long bus ride to and from school.

But even as much or more than these considerations, is the fact that an identification with a school district in a child's natural community center will inevitably result in increased participation in school activities by the child and his parents. Such increased participation cannot but result in an improvement in the educational

picture of the entire area. By the same token, an unnatural identification with a school district would have an opposite result with a corresponding loss of participation and resulting poorer educational picture. In recognition of these facts the legislature made provision for proceedings to change the boundaries of existing districts."

■■ The denial of the petition for detachment was contrary to the manifest weight of the evidence and the judgment of the circuit court so holding should be, and the same is, affirmed.

At the time of oral argument; counsel for the respective parties stipulated that upon the filing of the opinion in this case it would be appropriate that the mandate of this court issue forthwith. Accordingly, the judgment of the circuit court of Jersey County is affirmed and the mandate of this court is ordered to issue forthwith.

Judgment affirmed.

TRAPP and SIMKINS, JJ., concur.