GEORGE M. KAUPAS *et al.*, Plaintiffs-Appellees, *v.* REGIONAL BOARD OF SCHOOL TRUSTEES OF MASON COUNTY, *et al.*, Defendants-Appellants.

Fourth District   No. 13967

Opinion filed April 7, 1977.

William H. Knuppel, Assistant State's Attorney, of Havana, for appellant Regional Board of Trustees.

Don P. Boggs, of Lemner, Boggs, Knuppel & Krebaum, P. C., of Havana, for appellant Forman Community Unit District No. 124.

Edward C. Moehle, of Moehle, Reardon, Smith & Day, Ltd., of Pekin, for appellees.

Mr. PRESIDING JUSTICE GREEN delivered the opinion of the court:
On September 24, 1974, plaintiffs George M. Kaupas, Joanne M. Kaupas, Frances L. Talbott, James Curtis Morgan, Janice A. Morgan, Jerry D. Gregory, Jacqueline J. Gregory, and Everett L. Preston filed a petition with defendant Regional Board of School Trustees of Mason County requesting that a 90-acre rectangular tract be detached from defendant Community Unit School District No. 124 (Forman) Mason County, and annexed to Community Consolidated School District No. 606 (Spring Lake) Tazewell County and Community High School District No. 303 (Pekin) Tazewell County. After a hearing, the board denied the prayer of the petition. Plaintiffs then sought administrative review in the Circuit Court of Mason County. That court reversed the decision of the board and ordered the board to permit the requested change in school district boundaries. Defendants appeal.

The parties agree that the sole issue before this court is whether the board's ruling was contrary to the manifest weight of the evidence. In making its ruling, the board found:

> "That the proposed change of boundaries is not in the best interests of the schools of the area and the educational welfare of the pupils thereof and is contrary to the trends that are fostered by the Courts and Legislative action."

Due to boundaries developed many years ago to accommodate various landowners, the boundary between the Forman district on the south and the Spring Lake and Pekin districts on the north was irregular. As far as the areas along the boundary in question are concerned, the Spring Lake and Pekin districts are coextensive. The rectangular area for which change was sought was contiguous to the Forman district for a distance of a little over one-quarter of a mile on its south side, but was bounded on all other sides by the Spring Lake and Pekin districts. The closest community to the tract is an unincorporated area called the Talbotts Addition about 1½ miles from the tract. The Spring Lake district has its school for grades kindergarten through sixth grade there. Through a tuition arrangement, Spring Lake then sends its seventh and eighth grade pupils to Washington Junior High School in Pekin, 10 miles from the tract in question. The Pekin High School is 11 miles from the tract. The Forman district conducts grades kindergarten through fifth grade and ninth grade through twelfth grade at Manito 11 miles from the tract and sixth grade through eighth grade at Forest City, 14 miles from the tract.

All of the plaintiffs owned property in the tract. Only the Kaupases both lived on the tract and had school-age children. They had boys aged 11 and 8. In the prior year, the boys had gone to the Forman school but at the time of the hearing, the Kaupases were sending them to Spring Lake school and paying tuition. They found the shorter travel distances much more convenient and felt that the children lived closer to and more naturally made friends with the children in the Spring Lake district. All the plaintiffs testified to a greater community involvement with the Spring Lake and Pekin area than that of the Forman district.

■█■ The Forman superintendent testified that a number of years ago, there had been quite a few boundary disputes and feared because of rumors he had heard, that if the board allowed the instant petition, others would likely be encouraged to file similar petitions. He felt that constant boundary changes were harmful to a school district. In *Richey v. County Board of School Trustees* (1973), 13 Ill. App. 3d 68, 70, 299 N.E.2d 609, 610, this court followed a similar ruling in *Wheeler v. County Board of School Trustees* (1965), 62 Ill. App. 2d 467, 210 N.E.2d 609, and held that "mere speculation or probability that the requested detachment would set a precedent for the future was not a sound basis for denial of

detachment." Accordingly, we cannot consider this point as a proper ground for the denial of the petition. No other evidence presented tended to show that any district involved would be either benefited or damaged to any substantial amount by the ruling on the petition. Under these circumstances, the sole criterion material to the ruling on the petition is the best interests of the educational welfare of the children. *Newman v. Board of School Trustees* (1974), 19 Ill. App. 3d 584, 312 N.E.2d 35.

Little evidence was presented concerning the relative merits of the instruction given in the districts. Evidence indicated that the Forman district had at least one teacher available for each grade while the Spring Lake district had only five teachers for the grades kindergarten through sixth grade. This was countered, however, by testimony that Spring Lake had an average class size of 21 while the average class size in Forman was 31. The Forman superintendent was concerned because plaintiffs sought to attach to districts neither of which offered a complete program from kindergarten through high school. He testified that such an arrangement was inefficient in providing such services as busing and that it was the legislatively determined educational policy of the state to phase out such arrangements. He felt that by allowing the petition, the continued life of such an arrangement would be encouraged. The dual nature of the districts would continue, however, regardless of the ruling on the petition. Evidence also indicated that the Forman district had a school run hot lunch program while the Spring Lake district relied upon a hot lunch program run by a civic club. No showing was made, however, that the latter program was inferior.

■■ In both *Richey* and *Newman*, the shorter distance to schools that would arise if the requested changes of school districts were permitted was an important reason why the court overturned board denials of the requested changes. Likewise in *Richey* and *Virginia Community Unit School District v. County Board of School Trustees* (1963), 39 Ill. App. 2d 339, 188 N.E.2d 886, the greater community involvement of the pupils and their parents in the district to which annexation was sought was considered to be of importance. In the instant case, the traveling distance to grade school would be substantially reduced by allowing the change and clearly both parents and pupils had closer community ties to the districts to which annexation was sought. The decision for this court is a close one. Since the ability of the Forman district to provide a teacher for each grade is balanced by the substantially lower pupil-teacher ratio in the Spring Lake district and the evidence of traveling distances and community ties so strongly favors the plaintiffs' position we agree with the trial court that the board's finding was contrary to the manifest weight of the evidence.

It appears likely that the board shared the Forman superintendent's

concern that successive petitions for detachment would likely follow if this request for detachment was allowed. If this happened, and each petition concerned only a small amount of land, the allowance of any particular petition would not substantially damage the district. Nevertheless, substantial damage could occur to the district as the result of granting a number of such petitions. Should a succession of petitions actually be filed, the precedent of *Richey* would not prevent the board from then considering the effect that the allowance of one petition would have upon other requests for detachment. Where as here no showing is made of the recent filing of other petitions and the granting of the petition straightens the boundary and detaches property which is bounded on three sides by the annexing district, we consider the proper rule for us to follow is to disregard the likelihood that other detachment petitions may follow this one.

The judgment of the Circuit Court of Mason County, reversing the decision of the Regional Board of School Trustees of Mason County and ordering the granting of the prayer of plaintiffs' petition, is affirmed.

Affirmed.

TRAPP and REARDON, JJ., concur.