DARLENE M. GRANFIELD *et al.*, Plaintiffs-Appellants, *v.* REGIONAL BOARD OF SCHOOL TRUSTEES OF BUREAU COUNTY *et al.*, Defendants-Appellees.

Third District   No. 81—517

Opinion filed August 12, 1982.—Modified on denial of rehearing September 21, 1982.

Watts C. Johnson, of Johnson, Martin & Russell, P.C., of Princeton, for appellants.

William C. Rounds, of Ladd, for appellee Board of Education of Ladd Community Consolidated School District No. 94.

Louis E. Olivero, of Peru, for appellee Board of Directors of Dalzell Community School District No. 98.

PRESIDING JUSTICE GREEN delivered the opinion of the court:
Plaintiffs, Darlene M. Granfield, Martin F. Granfield, and Evelyn G. Granfield, appeal the order of the circuit court of Bureau County affirming an administrative ruling of the Regional Board of School Trustees (Board) denying a petition for detachment and reannexation of property between school districts. We reverse.

A petition was filed by plaintiffs with the Board, to detach territory from Dalzell Community Consolidated School District No. 98 and to annex that territory to Ladd Community Consolidated School District No. 94, under the authority of section 7-6 of the School Code (Ill. Rev. Stat. 1979, ch. 122, par. 7-6). Following a hearing on July 7, 1980, the Board unanimously voted to deny the petition. On July 31, 1981, the circuit court subsequently affirmed the decision after a hearing on plaintiffs' complaint for administrative review.

On appeal plaintiffs contend the Board's decision was contrary to the manifest weight of the evidence and based on findings of fact which were contrary to the manifest weight of the evidence and erroneous conclusions of law.

The undisputed evidence at the hearing before the Board showed the following: The assessed valuation of the property involved in the petition was $54,300 and it accounted for one-twelfth of the area of the Dalzell district. The assessed valuation of the Ladd district was $9,272,507 and the 1978 tax rate was 1.7940, while the assessed valuation of the Dalzell district was $2,527,616 and the 1978 tax rate was 1.7823. The property included a subdivision named Granfield Acres. The student-teacher ratio at Dalzell was 13 to 1, while at Ladd it was 15 to 1. No school age children lived in the area which was the sub-

ject of the petition. The distance from a point within the subject property to the Ladd school building was nine-tenths of a mile, while the distance to the Dalzell building was 4.9 miles. If the petition were granted, any children living on the property would have to walk to the Ladd school on a blacktop road, as there were no sidewalks in the property. If the children went to the Dalzell school, they would be bussed. If the petition were granted, the boundaries of the districts after annexation would be compact and contiguous. Granfield Acres was located within the boundaries of the village of Ladd. Martin Granfield, one of the owners of territory involved, stated that if the petition were granted, the value of the lots in the Granfield Acres would be increased. Two other residents of the territory involved testified that they had community ties with Ladd.

The Board denied the petition, stating that no students resided in the area, the disparity in distances to the schools was not great, and both schools had qualified teachers and a complete curriculum. The Board also made the following findings: The road to Ladd had no sidewalks or streetlights, and it would be better for the welfare of the children to ride the bus to the Dalzell school. The Ladd district is larger and better off financially than the Dalzell district and the land involved is a substantial percentage of the land in the Dalzell district. The prospective valuation of the land, if developed, would greatly enhance Dalzell. The Board stated it would not be proper for them to jeopardize the existence of a district through a detachment and annexation proceeding. The Board felt the boundary line should not be disturbed.

Under the Administrative Review Act (Ill. Rev. Stat. 1979, ch. 110, par. 264 *et seq.*), the findings and conclusions of the Board on questions of fact are *prima facie* true and correct. The factual determinations of the Board will not be set aside on administrative review unless they are shown to be contrary to the manifest weight of the evidence. *Board of Education v. Regional Board of School Trustees* (1982), 89 Ill. 2d 392, 433 N.E.2d 240.

■ Although the Board felt that detachment would jeopardize the existence of the Dalzell district, the evidence indicated that its loss of present revenue would not exceed $1,000. Moreover, the loss of revenue alone will not prevent redistricting unless the maximum rate is being levied. (*Wheeler v. County Board of School Trustees* (1965), 62 Ill. App. 2d 467, 210 N.E.2d 609.) The loss of revenue was of only minor significance here. Except as to that loss, no other evidence indicated that detachment would adversely affect the ability of the Dalzell district to meet standards of recognition set by the State.

706

■ We also find the Board's conclusion that a safety factor supported denial of the petition to be of little weight. Some evidence was presented that there were at that time no sidewalks in the subdivision. However, the evidence indicated that the Ladd school house was in sight of the residences in the subdivision, whereas a bus ride of a total length of 10 miles a day would be required to transport the children to and from the Dalzell school. We find no evidence to support the Board's conclusion that the streets the children from the subdivision would travel upon in the village of Ladd would be unlighted. We deem the Board's conclusion that the walk to the Ladd school would be more dangerous than a longer bus ride to the Dalzell school to be contrary to the manifest weight of the evidence.

In every other respect the evidence showed that permitting the annexation and detachment would be to the benefit of those living in the area involved. Ladd offered a somewhat more specialized program. It had specialists teaching P.E. and band while those teaching the subjects at Dalzell also taught other courses. Only Ladd had a band, a special education teacher's aide, and some departmentalization of its science program in the upper grades. Additionally, at least some evidence was presented that the saleability of the lots in the area would be increased if the prayer of the petition was granted.

■ The most crucial factor requiring granting of the petition is the location of the tract with reference to Ladd. The record clearly shows that all social, recreation, and business associations for the children and parents who reside in the subdivision is in Ladd. In *Board of Education v. Regional Board of School Trustees*, the court stated:

"The 'whole child' factor and the closely related 'community of interest' factor are not improper considerations in determining the wisdom or unwisdom of shifting the boundaries of school districts. The former factor recognizes that extracurricular participation in social, religious and even commercial activities is important in a child's development as a beneficial supplement to the child's academic involvement. (*School District No. 106 v. County Board of School Trustees* (1964), 48 Ill. App. 2d 158.) Too, in annexation-application hearings it is proper to ascertain whether the petitioning area is identified with the school district and the community to which annexation is requested. If a child attends school in his natural community it enhances not only his educational opportunity but encourages his participation in social and other extracurricular activities that figure importantly in the 'whole child' idea. The court in *Burnidge v. County Board of School Trustees* (1960), 25 Ill.

App. 2d 503, 509-10, stated that more important than benefits of increased safety and savings in transportation costs and time 'is the fact that an identification with a school district in a child's natural community center will inevitably result in increased participation in school activities by the child and his parents. Such increased participation cannot but result in an improvement in the educational picture of the entire area.' " 89 Ill. 2d 392, 397-98, 433 N.E.2d 240, 243.

In *Newman v. County Board of School Trustees* (1974), 19 Ill. App. 3d 584, 312 N.E.2d 35, the Board denied detachment, finding *inter alia* that the educational welfare of pupils was of greater weight than the school social and business ties of the residents of the area. The circuit court reversed the order as being contrary to the manifest weight of the evidence upon administrative review. The reviewing court affirmed the circuit court with the finding that there was no serious detriment to the district from the land so detached, and that upon the record, annexation would increase participation in school extracurricular and social activities of parents and students.

The court said:

"Where the record shows neither district will be affected in any substantial measure, the determination to grant or deny the petition should be made to turn solely on the welfare of the pupils in the area to be detached. (*Bowman v. County Board of School Trustees*, 16 Ill. App. 3d 1082, 307 N.E.2d 419.) The beneficial effects of attending a school within close proximity to the student's home were recognized by this court in *Richey v. County Board of School Trustees*, 13 Ill. App. 3d 68, 299 N.E.2d 609. Transportation time and costs, fatigue, and exposure to accidents are minimized. Additionally, a child's identification with a school in his natural community center will lead to increased participation in school activities by the student and his family. The result is a salutary effect upon the educational welfare of the students and the area." (19 Ill. App. 3d 584, 588, 312 N.E.2d 35, 38.)

(See also *Kaupas v. Regional Board of School Trustees* (1977), 47 Ill. App. 3d 222, 361 N.E.2d 1157, and *Board of Education v. Regional Board of School Trustees* (1980), 86 Ill. App. 3d 230, 407 N.E.2d 1084.) We conclude that the principle quoted from *Newman* is entirely consistent with the views found in the supreme court opinion in *Board of Education v. Regional Board of School Trustees*.

■■ As we have determined that (1) the financial loss to the Dalzell district was negligible, (2) the determination that a safety fac-

708

tor supported denial of the petition was contrary to the manifest weight of the evidence, and (3) in every other respect the evidence clearly showed the people living in the area would clearly benefit by granting the petition, we hold the denial of the petition to be contrary to the manifest weight of the evidence. We reverse the order of the circuit court affirming the denial of the petition and remand to the board of school trustees with directions to grant the prayer of the petition.

Reversed and remanded with directions.

LONDRIGAN and TRAPP, JJ., concur.