THE BOARD OF EDUCATION, TROY CONSOLIDATED SCHOOL DISTRICT NO. 30 C, Plaintiff-Appellant, *v.* WILL COUNTY BOARD OF SCHOOL TRUSTEES *et al.,* Defendants-Appellees.

(No. 70-92;

Third District—June 24, 1971.

*Rehearing denied July 20, 1971.*

Douglas F. Spesia, of Joliet, for appellant.

Richard T. Buck, of Joliet, for appellees.

Mr. JUSTICE SCOTT delivered the opinion of the court:

This is an appeal from the decree of the circuit court of Will County affirming the order of the Will County Board of School Trustees and the Board of School Inspectors of Joliet School District No. 86, allowing detachment of a tract of land from plaintiff-appellant's district and annexation of the real estate to defendant-appellee's district. The sole question to be determined is whether the decision of the administrative agency is against the manifest weight of the evidence.

Caterpillar Tractor Company is the owner of the land, approximately 80 acres, involved in this proceedings. Appellee and appellant school districts are adjacent to each other and the land, an undeveloped tract at the time of the filing of the petition, bordered on both districts. Caterpillar Tractor contemplated constructing a new plant on the site. The tract had previously been annexed into the city of Joliet, however, the annexation ordinance specifically provided that the annexation did not include the taking of the land into the school district, but confined it merely to the annexation of the same to the city of Joliet.

Caterpillar Tractor Company filed the petition herein seeking detachment of its 80 acre site from appellant's district and annexation into appellee's district. The land was to be developed by the company into a new manufacturing plant. No persons lived on the tract and it was contemplated that none would live on the tract, the same being restricted for manufacturing purposes only. For all practical purposes the question is solely which of the two districts will get the benefit of the tax to be paid by Caterpillar Tractor Company on this tract of land.

There is no question raised in the court and there cannot be of the court's power and duty to review administrative orders. "Our courts have clearly and unequivocally recognized the duty imposed upon courts of review and have set aside findings and decisions of County Boards of School Trustees where contrary to the manifest weight of the evidence." (*Wheeler v. County Board of School Trustees*, 62 Ill.App.2d 467, 210 N.E.2d 609, citing *Oakdale Community Consolidated School District No. 1 v. County Board of School Trustees*, 12 Ill.2d 190, 145 N.E.2d 736.) The School Code provides for annexation and detachment of real estate from one district to another in Chapter 122, Sec. 7—6. That section provides that the county board of school trustees "shall hear evidence as to the school needs and conditions of the territory in the area within and adjacent thereto and as to the ability of the districts affected to meet the standards of recognition as prescribed by the Superintendent of Public Instruction and shall take into consideration the division of funds and assets which will result from the change of boundaries and shall determine whether it is to the best interests of the schools of the area and the educational welfare of the pupils that such change in boundaries be granted * * *."

There can be no question that both districts will be financially affected by the order of detachment and annexation. To the extent of this financial benefit and detriment to each district the "educational welfare of the pupils" and "the best interest of the schools of the area" are involved in this case.

The record establishes that appellee district (hereinafter called Joliet) includes 24.4 square miles of territory, while appellant district (hereinafter called Troy) has 25.9 square miles Joliet has a population of approximately 75,000 people or 3,074 persons per square mile, while Troy has 4,000 persons or approximately 154 persons per square mile. The assessed valuation of Troy for 1964 was $23,297,863.00, while Joliet's assessed valuation for the year was $237,324,592.00. Joliet's tax rate for the year was 1.654 per hundred assessed valuation and Troy's was 1,468 per one hundred dollar valuation. Of the Caterpillar Tractor Company employees, 2,008 resided in Joliet and 673 resided in Troy, a ratio of

about three to one. Caterpillar's other employees resided in districts other than Joliet and Troy. At the time of the filing of the petition Caterpillar Tractor had another building located in Troy, having a dimension of 548,000 square feet, and had commenced construction of an additional 44,000 square foot building in Troy. The approximate size of the building to be constructed on the land in question was 500,000 square feet. Caterpillar Tractor owned no property in Joliet and paid no tax in the city of Joliet School District despite the fact that three times the number of its employees and their families lived in Joliet than in Troy. Joliet's tax rate is about 13% higher than Troy's and its assessed valuation per pupil was $22,019.00 as opposed to Troy's $23,356.00. Joliet's pupil population was 10,788 or 442 pupils per square mile, whereas Troy had only 985 pupils, or 38 pupils per square mile. The Troy district consists of eight grades, kindergarten through eighth grade, and it has shown a substantial increase in the size of its school from 1950 to the present enrollment, the student population going from 51 students to 985.

The record shows that the Troy area consists of 15,670 acres of land. Of this 2,289 acres are zoned industrial, 660 acres not taxable, and that about 75% of the land is used for residential and agricultural purposes. The record further indicates there is room for industrial development throughout the Troy area, including riverfront land and land bordering the main highways through the district.

■■ As we stated in *Ottawa Township High School District No. 140 of LaSalle County v. County Board of School Trustees of LaSalle County,* 106 Ill.App.2d 439, 246 N.E.2d 138, "the petition is to be granted only where the benefit derived by the annexing and affected area clearly outweighs the detriment resulting to the losing district and the surrounding community as a whole."

■■ The personal wishes of Caterpillar Tractor Company standing alone would not justify detachment of land from one district to another. (*Wheeler v. County Board of School Trustees,* 62 Ill.App.2d 467, 210 N.E.2d 609.) The company's action here, however, is commendable in that they are asking annexation to the district in which they know they will be assessed at a higher tax rate and they are certain that the board in considering the case was moved somewhat by the proposition that the company was paying no tax in the Joliet district, despite the fact that many of its employees live in the district and presumably their children attend the Joliet school.

■■ The act covering these proceedings (ch. 122, par. 7—6, Ill. Rev. Stat.) specifically provides that prior to the hearing by the County Board of School Trustees "the secretary shall submit to the county

board of school trustees maps showing the districts involved, a written report of financial and educational conditions of districts involved and the probable effect of the proposed changes." Counsel for appellant does not raise any point with reference to the filing of this written report and his excerpts from the record fail to disclose whether the same was in fact filed or not. We can only conclude from the foregoing, therefore, that such report was in fact filed and considered by the board in arriving at their decision. A court of review is not required to go to the record to reverse the trial court, although it will go beyond the abstract and search the record to affirm. *Husted v. Thompson-Hayward Chemical Co.*, 62 Ill.App.2d 287, 210 N.E.2d 614.

■■ The excerpts in the record are at best scanty, but taking them into account along with the arguments it is clear that appellant's argument is predicated primarily upon the proposition that Troy is presently living at its maximum rate and that there is little room for development in the Troy area that would increase the assessed valuation of the district. The testimony before us is conflicting and we cannot say that the decision respecting future development of the area of Troy and the lack of adequate territory for Joliet's development is against the manifest weight of the evidence. From examining the record we cannot say that the decision of the board that "the benefit derived by the annexation and affected area clearly outweighs the detriment resulting to the losing district" was against the manifest weight of the evidence. In fact, the record establishes that the Joliet district has been increasing at a far greater rate than the pupil population of Troy, whereas the ability of Joliet to obtain a greater assessed valuation of the property within the district is limited, whereas Troy's opportunities in this regard appear to be somewhat unlimited.

It must be reemphasized that the only consideration here is a monetary one and that benefits to the students or prospective students in the area being annexed is not before the court. The court is constrained to observe that while it feels this indeed is a poor way to handle school financing, the legislature clearly intended that proceedings of this nature were to be followed to assist one district to the detriment of the other. The excerpts in the record do not indicate whether the students in the Troy district attend the high school in Joliet or in some other districts or perhaps a combination of both and we feel that this is of some importance, or would be in the board's determination of this cause.

■■ Appellant has made other contentions regarding grounds for reversal. Appellant contends that the basis of the decision is the personal preference of Caterpillar Tractor Company. The record does not bear him out on this argument. As we stated in *Ottawa Township High School*

*v. County Board of Trustees*, 106 Ill.App.2d 439, 246 N.E.2d 138, "We recognize there must be a measure of stability in the boundaries of school districts and that they cannot be changed by reasons of mere personal preference of the residents in the territory, without regard to other material considerations." The record discloses that the board was motivated by more than Caterpillar Tractor Company's desire to be annexed into the Joliet district. The stability of the school district's boundaries is protected by administrative review and by the court's actions in overseeing orders of the various county boards. Where the record shows the detachment and annexation were in accordance with law, the same will be sanctioned. For the reasons expressed herein the order of the circuit court is affirmed.

Affirmed.

ALLOY, P. J., and STOUDER, J., concur.