JAMES EBLE *et al.*, Plaintiffs-Appellees, *v.* C. W. HAMILTON *et al.*, Defendants-Appellants.

Third District    No. 76-411

Opinion filed September 21, 1977.

John S. Duncan, of Herbolsheimer, Lannon & Henson, P. C., of LaSalle, for appellants.

Robert F. Russell, of Johnson, Martin & Russell, of Princeton, for appellees.

Mr. PRESIDING JUSTICE STENGEL delivered the opinion of the court:

Plaintiffs James and Diane Eble petitioned for detachment of 20 acres of land from Malden Community High School District No. 511 and for annexation of that parcel to Princeton High School District No. 500. The Hearing Board, organized pursuant to section 7—2.5 of the School Code (Ill. Rev. Stat. 1975, ch. 122, par. 7—2.5) conducted a hearing on August 25, 1975, and denied the petition, but on administrative review, the Circuit Court of Bureau County reversed and ordered that the disputed area be annexed to the Princeton district. The Malden school board has appealed.

According to the record, plaintiffs were the only registered voters residing in the disputed territory, and they had two school-age children: daughter Leslie who was a junior in high school in the fall of 1975 and son Brian, a freshman. Plaintiffs rented a 181-acre farm in the Malden district

and moved from Princeton to the farm about two months before filing their detachment petition. Plaintiffs presented considerable evidence concerning the alleged advantages of courses and school activities available at Princeton, and defendant countered with testimony asserting the merits of the Malden school. However, for purposes of this appeal, plaintiffs concede that the educational opportunities in the two districts are comparable. The record indicates that granting the petition would not materially affect the financial status or the ability to meet State standards of recognition for either district.

Plaintiffs testified that one reason for petitioning to detach from Malden was for their own convenience. Mrs. Eble works in Princeton, and the family attends church, shops and banks there. Both children have after-school jobs there, and both attended Princeton schools the previous year. Plaintiffs' 20-acre tract is in the Princeton elementary school district. The Ebles live only 1½ miles from Malden high school while they are 7 miles from Princeton high school. Malden district #511 would lose about $440 tax revenue annually in the event the petition is approved, but Malden is not levying taxes at the maximum tax rate. Princeton high school has an average daily attendance of 735 students and a ratio of pupils to teachers of 17 to 1 while Malden has an average daily attendance of 69 and a pupil-teacher ratio of 6 to 1.

The trial court concluded that the decision of the Hearing Board was not supported by the evidence and that the board relied most heavily upon improper factors, i.e., that the petitioners had lived on the disputed property for less than one year, that their future plans were uncertain because they had moved several times in the past and were farm tenants, and that granting this petition might set a precedent for future boundary changes by tenants. The court then found that granting the petition would be in the best interest and welfare of the affected students, and also held that the preference and convenience of plaintiffs were proper factors to consider along with other factors.

The only issue on appeal is whether the denial of the petition by the Hearing Board was contrary to the manifest weight of the evidence. The guidelines for considering a detachment petition are set out in section 7—6 of the School Code (Ill. Rev. Stat. 1975, ch. 122, par. 7—6), which provides:

"[The Hearing Board] shall hear evidence as to the school needs and conditions of the territory in the area within and adjacent thereto and as to the ability of the districts affected to meet the standards of recognition as prescribed by the Superintendent of Public Instruction, and shall take into consideration the division of funds and assets which will result from the change of boundaries and shall determine whether it is to the best interests of the schools

of the area and the educational welfare of the pupils that such change in boundaries be granted * * *."

■■ As the Illinois Supreme Court ruled in *Oakdale Community Consolidated School District v. County Board of School Trustees* (1957), 12 Ill. 2d 190, 145 N.E.2d 736, much more is needed to support a change in established boundaries than the personal desires or convenience of the petitioners. The welfare of the affected districts and their pupils *as a whole* must control rather than the wishes of a few, and petitions should be granted only where the benefit derived by the annexing and affected areas clearly outweighs the detriment resulting to the losing district and the surrounding community as a whole.

In *Ottawa Township High School District v. County Board of School Trustees* (3d Dist. 1969), 106 Ill. App. 2d 439, 444, 246 N.E.2d 138, 141, this court said:

"We recognize that there must be a measure of stability in the boundaries of school districts and that they cannot be changed by reasons of mere personal preference of the residents in the territory, without regard to other material considerations [citation]."

See also *Board of Education v. Will County Board of School Trustees* (3d Dist. 1971), 132 Ill. App. 2d 947, 952, 271 N.E.2d 87, 90.

■■ We agree with the trial court that the fact plaintiffs were tenant farmers and that they had recently moved into the disputed territory should not be a proper basis for denying a detachment petition. The statute imposes no residency requirement other than that petitioners be legal voters. (See Ill. Rev. Stat. 1975, ch. 122, par. 7–1.) Also, a detachment petition cannot be denied because of the possibility of setting a precedent. *Richey v. County Board of School Trustees* (4th Dist. 1973), 13 Ill. App. 3d 68, 299 N.E.2d 609.

The parties have not cited and we have not found any cases where the petitioners sought to detach from a near school and to annex to a more distant school on the ground of community identity with the distant school. More often such cases involve petitioners seeking to attend a closer school. (*E.g., Wheeler v. County Board of School Trustees* (3d Dist. 1965), 62 Ill. App. 2d 467, 210 N.E.2d 609; *Virginia Community Unit School District v. County Board of School Trustees* (3d Dist. 1963), 39 Ill. App. 2d 339, 188 N.E.2d 886; *Burnidge v. County Board of School Trustees* (2d Dist. 1960), 25 Ill. App. 2d 503, 167 N.E.2d 21.) Here there is no evidence that the disputed area would naturally have closer ties with Princeton, but rather the evidence indicates only that this one family continues to do business and to maintain social ties in the community where they lived until recently.

■■ ■ In applying the benefit-detriment test, mere proof of no

detriment to the losing district has been said to be insufficient to support a petition in the absence of an evident benefit. (*Bowman v. County Board of School Trustees* (2d Dist. 1974), 16 Ill. App. 3d 1082, 307 N.E.2d 419.) Although the convenience to the petitioning parents and their child is one factor to be considered (*Wheeler v. County Board of School Trustees* (3d Dist. 1965), 62 Ill. App. 2d 467, 210 N.E.2d 609), personal preference and convenience, standing alone, are insufficient to support a detachment. *Oakdale Community Consolidated School District v. County Board of School Trustees* (1957), 12 Ill. 2d 190, 145 N.E.2d 736.

■■ This court has acknowledged previously that the judiciary is ill-equipped to function as a super school board in weighing the complex factors involved in determining the best interest of the school and pupils when a boundary change is proposed. (*Ottawa Township High School District v. County Board of School Trustees* (3d Dist. 1969), 106 Ill. App. 2d 439, 246 N.E.2d 138.) We have also said that the decision to grant or deny detachment is best left to local determination without interference by the courts as long as the general statutory guidelines have been met and provided the record contains evidence to support the decision. *Fromm v. Will County Board of School Trustees* (3d Dist. 1976), 41 Ill. App. 3d 1045, 355 N.E.2d 172.

The record here shows that plaintiffs failed to establish that the Princeton high school district or its pupils would as a whole benefit by the annexation of the disputed territory. Since plaintiffs have conceded that the educational opportunities of both schools are comparable and since the financial impact of the detachment would be minimal, the remaining evidence indicates that the detachment would be solely for the preference and convenience of plaintiffs personally. Furthermore, the testimony that Malden is located much closer to the disputed territory supports the board's decision to deny the petition.

■■ On the basis of this record, we are unable to say that the Board's decision is contrary to the manifest weight of the evidence. Hence, we affirm the order of the Hearing Board and reverse the decree of the circuit court.

Reversed.

ALLOY and SCOTT, JJ., concur.