THE BOARD OF EDUCATION OF JONESBORO COMMUNITY CON-SOLIDATED SCHOOL DISTRICT NO. 43, UNION COUNTY, Plaintiff-Appellant, *v.* THE REGIONAL BOARD OF SCHOOL TRUSTEES OF UNION COUNTY *et al.*, Defendants-Appellees.

Fifth District    No. 79-536

Opinion filed July 9, 1980.

KARNS, J., dissenting.

Robbins, Schwartz, Nicholas & Lifton, Ltd., of Chicago (Lorence H. Slutzky and David M. Smith, of counsel), for appellant.

R. Corydon Finch, of Anna, for appellees.

William A. Lewis and Patricia A. Lewis, both of Anna, for appellees, *pro se.*

Mr. PRESIDING JUSTICE JONES delivered the opinion of the court:

This appeal concerns the detachment of 5.73 acres in Union County from Jonesboro Community Consolidated School District No. 43 (Jonesboro) and annexation of them to Anna Community Consolidated School District No. 37 (Anna). A petition for detachment and annexation was filed with the Regional Board of School Trustees of Union County by the Anna district and William and Patricia Lewis, sole residents of the property in question, pursuant to section 7—1 of the School Code (Ill. Rev. Stat. 1977, ch. 122, par. 7—1). The petition was granted. Upon administrative review in accordance with section 7—7 of the Code (Ill. Rev. Stat. 1977, ch. 122, par. 7—7), the decision of the regional board was affirmed, and this appeal followed.

The facts are not in dispute. Petitioners reside within the city of Anna, three-tenths of a mile from the Anna elementary school. The

corporate limits of Anna are not coterminous with the school district boundary between Jonesboro and Anna, however; the petitioners' residence lies within the Jonesboro school district. Petitioners bought their home knowing that the property was located in the Jonesboro district. Their prior residence was in the city of Anna, and their daughter attended grades one through six as a resident of the Anna district. Because their daughter, who is in seventh grade, wishes to continue in the Anna schools, petitioners have been paying tuition for her attendance there. Ninth grade students from both the Anna and Jonesboro districts attend a consolidated district high school located in Anna.

Petitioners argue that their proximity to the Anna school and their daughter's social ties there facilitate her academic and extracurricular interests and promote the family's involvement with the school. They do not contend that Anna's facilities or programs are superior to those of Jonesboro. They point out, however, that they are longtime residents of Anna and have social and economic ties to that community. The Jonesboro school building, which serves as both an elementary and junior high school, is approximately 2 miles from their home. But transportation would be available by the Jonesboro district to the Lewises' home. Petitioners' property has an assessed value of $33,693 and yields $657 annually in taxes to the Jonesboro district. According to counsel in the circuit court, the Jonesboro district's gross revenue from such taxes is approximately $150,000. In addition to the tax losses that Jonesboro would sustain from detachment, the district would be prevented from claiming State aid based on average daily attendance by the amount attributable to one additional student. The Anna district would gain from annexation $662 in taxes and approximately $856 in State aid.

Jonesboro opposes the petition on several grounds. The district alleges that detachment would erode their tax base and result in decreased tax revenues; that it would deprive them of attendance-based State aid to the extent of one student, petitioners' daughter; that it would upset the stability of their boundaries; and that it would create a precedent for further alterations of the district boundaries.

The test for granting detachment and annexation petitions was established by our supreme court in *Oakdale Community Consolidated School District v. County Board of School Trustees* (1957), 12 Ill. 2d 190, 145 N.E.2d 736. The court stated, relying on statutory guidelines which have essentially remained unchanged:

> "The welfare of the affected districts and their pupils as a whole must control rather than the wishes of a few, and such petitions granted only where the benefit derived by the annexing and affected areas clearly outweighs the detriment resulting to the

losing district and the surrounding community as a whole." 12 Ill. 2d 190, 193-94, 145 N.E.2d 736, 737.

In *Oakdale* the supreme court denied the petition because the evidence indicated that detachment would cause a serious depletion in the tax resources in the detaching districts and overcrowding in the annexing district. The proposed detachment would have removed 20% of one detaching district's assessed valuation and 10% of the other's.

■■ The School Code also establishes that the decision must be controlled by factors affecting the districts and the student populace as a whole:

"The county board of school trustees shall hear evidence as to the school needs and conditions of the territory in the area within and adjacent thereto and as to the ability of the districts affected to meet the standards of recognition as prescribed by the Superintendent of Public Instruction, and shall take into consideration the division of funds and assets which will result from the change of boundaries and shall determine whether it is to the best interests of the schools of the area and the educational welfare of the pupils that such change in boundaries be granted * * *." Ill. Rev. Stat. 1977, ch. 122, par. 7—6.

It does not appear that the requested detachment and annexation would have substantial financial effect on either district. However, it is only stating the obvious to say that every detachment results in some loss of tax base valuation to the district from which the land concerned is being detached. Here, the loss is minimal. To be a valid basis for denial of a detachment-annexation petition requires a showing that the resultant tax resource depletion would be a serious one. (*Newman v. County Board of School Trustees* (1974), 19 Ill. App. 3d 584, 312 N.E.2d 35.) The slight reduction of the Jonesboro district's funding in this case would be partly offset by a slight reduction in expenditures through reduced enrollment.

Respondents urge that detachment from the Jonesboro district will set a precedent for similar petitions. But it has been held, and we agree, that a detachment petition cannot be denied because of the possibility of setting a precedent. *Eble v. Hamilton* (1977), 52 Ill. App. 3d 550, 367 N.E.2d 788.

■■ Since the record shows neither district will be affected in any substantial measure, the determination should turn solely on the welfare of the pupils in the area subjected to the detachment. (*Bowman v. County Board of School Trustees* (1974), 16 Ill. App. 3d 1082, 307 N.E.2d 419; *Newman.*) Mere personal preference of the residents may be considered but is not alone controlling. (*Burnidge v. County Board of School Trustees* (1960), 25 Ill. App. 2d 503, 167 N.E.2d 21; *Eble v. Hamilton.*) More than personal preference appears here. Obvious benefit would

result from the shorter distance the Lewises' daughter and any future pupil living in the subject area would travel to school if the petition were granted. This benefit would be reflected in time, safety, effort, and expense. (*Burnidge.*) Further benefit appears in that "an identification with a school district in a child's natural community center will inevitably result in increased participation in school activities by the child and his parents. Such increased participation cannot but result in an improvement in the education picture of the entire area. By the same token, an unnatural identification would have an opposite result with a corresponding loss of participation and resulting poorer educational picture. In recognition of these facts the legislature made provision for proceedings to change the boundaries of existing districts." *Burnidge*, 25 Ill. App. 2d 503, 509-10, 167 N.E.2d 21, 24.

The instant prepetition situation is analogous to the situation presented in *Burnidge*. The Lewises live in the town of Anna but within the Jonesboro district. They are distant a two-mile drive from the Jonesboro school but just a short walk from the Anna school. This is the sort of "unnatural identification" appropriately remedied by the system set up for change of existing district boundaries. For the same reason, granting the instant petition would result in the Anna district gaining an area it can serve better than the Jonesboro district can. The benefit to both districts, though indirect, is inescapable.

We find the direct effect of granting the instant petition on the districts involved to be minimal and not deleterious, and the benefit to the residents of the area to be annexed, and to petitioners, substantial. In view of the authorities cited above, we find this an appropriate case to defer to the judgment of the regional board as affirmed by the trial court. (*Eble v. Hamilton.*) The decision of the circuit court was not contrary to the manifest weight of the evidence presented.

Respondents contend that the findings and conclusions of the administrative body were not made with sufficient specificity to allow meaningful review. (*Reinhardt v. Board of Education* (1975), 61 Ill. 2d 101, 329 N.E.2d 218.) We have had no trouble discerning the foundations for the Board's action. The facts were simple, and the evidence brief and uncontradicted. The parties' contentions and arguments were fully presented in the proceedings below and are included in the record. In its decision the trustees recited that they were granting the petition, "having heard evidence as to the school needs and conditions of the territory in the area within and adjacent thereto and as to the ability of the districts affected to meet the standards of recognition as prescribed by the Illinois Office of Education; and having taken into consideration any possible division of funds and assets which will result from the change of boundaries; and having taken into consideration whether it is in the best

interests of the schools of the area and the educational welfare of the pupils that such change in boundaries be granted * * *." The findings and conclusions are sufficiently clear.

Affirmed.

HARRISON, J., concurs.

Mr. JUSTICE KARNS, dissenting:
I do not believe that the evidence here meets the test set out in *Oakdale Community Consolidated School District v. County Board of School Trustees* (1957), 12 Ill. 2d 190, 145 N.E.2d 736, for granting detachment and annexation petitions. As I read the opinion of the supreme court, the benefit to the annexing district must clearly outweigh the detriment to the detaching district, and the change in boundaries must serve the best interest of the students in the affected districts. The *Oakdale* test is formulated in terms of district-wide advantage to the annexing district and the entire student body, which must clearly outweigh the detriment to the detaching district.

Certain cases cited by the majority (see, *e.g., Bowman v. County Board of School Trustees* (1974), 16 Ill. App. 3d 1082, 307 N.E.2d 419; *Burnidge v. County Board of School Trustees* (1960), 25 Ill. App. 2d 503, 167 N.E.2d 21) do not seem to me to support this detachment.

We are not at liberty to relax the standard established by the supreme court which requires clear, district-wide advantage. Although I have no doubt that petitioners' child could participate in after-school activities in Anna with greater ease, be less burdened by transportation, and enjoy continuing social contacts, I cannot escape the conclusion that these benefits inure to her personally and not to the Anna district as a whole. It has been recognized that the preferences and community ties of a single family are not a sufficient basis for detachment. (*Eble v. Hamilton* (1977), 52 Ill. App. 3d 550, 367 N.E.2d 788.) Detachment has been denied when, "[a]side from personal considerations suggested by the witnesses and petitioner, * * * there is nothing which indicates to us that the proposed change would effect any educational improvements in the territories as a whole. On the contrary, changes in boundaries, however small in themselves, have the harmful effects to which we have just adverted." (*Board of Education of Community Unit School District No. 323 v. County Board of School Trustees* (1958), 19 Ill. App. 2d 196, 202, 153 N.E.2d 378, 381.) The regional superintendent was in error when he concluded that "[s]ince there would be no significant effect on either district and there is no significant difference in the education programs offered by the two districts, it would seem the approval or denial of the

petition would hinge on the desire of the parents as to which school the one student attends." Although parental preference and convenience may be considered as a factor (*Bowman*, 16 Ill. App. 3d 1082, 1087, 307 N.E.2d 419, 421), much more is needed to support the board's decision to change established boundaries. "School districts are not to be changed, therefore, solely by the shopping, banking, or school preferences of those residing in particular segments thereof." (*Oakdale*, 12 Ill. 2d 190, 194, 145 N.E.2d 736, 738.) I do not believe that the facts before us meet the district-wide standard established by the legislature and the supreme court.

I note, too, that petitioners' interests are relatively short-term. Inasmuch as Jonesboro students in grades 9-12 attend the high school in Anna, and inasmuch as petitioners' daughter is presently in seventh grade attending school in Anna on a tuition basis, denial of the petition would affect her interests for little more than a year. Furthermore, aside from the understandable financial burden that tuition imposes on the petitioners, there is nothing in the record to suggest that this student would be denied admission to Anna on a tuition basis next year.

While denial of the petition would affect petitioners for only a relatively short time, detachment would permanently change the boundaries of the school districts. In *Oakdale* the supreme court approved the decision in *Trico Community Unit School District No. 176 v. County Board of School Trustees* (1956), 8 Ill. App. 2d 494, 131 N.E.2d 829, which recognized the importance of maintaining stable district boundaries. In *Ottawa Township High School District v. County Board of School Trustees* (1969), 106 Ill. App. 2d 439, 246 N.E.2d 138, although detachment was granted, the court recognized that "there must be a measure of stability in the boundaries of school districts and * * * they cannot be changed by reasons of mere personal preference of the residents of the territory without regard to other material considerations." 106 Ill. App. 2d 439, 444, 246 N.E.2d 138, 141.

The manifest weight of the evidence does not support the conclusion that there are district-wide advantages to the schools involved from the proposed detachment. Accordingly, the petition should have been denied.