STEVEN C. WIRTH *et al.*, Plaintiffs-Appellees, *v.* DONALD B. GREEN *et al.*, Defendants-Appellees.—(HERSCHER COMMUNITY UNIT SCHOOL DISTRICT NO. 2 OF KANKAKEE, IROQUOIS, AND FORD COUNTIES, Defendant-Appellant.)

Third District   No. 80-515

Opinion filed May 13, 1981.

Gregory A. Deck, of Petersen & Deck, of Kankakee, for appellant.

Edwin W. Sale and Edwin E. Mortell, both of Kankakee, for appellees.

Mr. PRESIDING JUSTICE SCOTT delivered the opinion of the court:

The plaintiffs, Steven C. Wirth and J. Susanne Wirth, filed a petition seeking to detach property (one residential lot) from the defendant Herscher Community Unit School District No. 2 and to annex it to the Kankakee School District No. 111. A hearing board appointed to consider the petition denied the detachment request. Upon administrative review, the Circuit Court of Kankakee County reversed the hearing board and ordered the detachment. From such order this appeal ensued.

The sole issue presented to review is whether the trial court was correct in ordering the detachment of the plaintiffs' property from the Herscher District.

In considering this issue we deem it necessary to set forth some salient facts. The property in question consists of one lot which the plaintiffs own and upon which they reside located in Heil Estates Subdivision in the County of Kankakee. The lot, while located in the Herscher District (comprised of an area of 175.8 square miles of territory), is adjacent to the west boundary of Kankakee District No. 111. The plaintiffs' lot is approximately two miles from the city of Kankakee, four miles from some of the more distant District 111 schools, and is five miles from the Herscher District's Limestone Grade School and 15 miles from the Herscher District's high school.

The plaintiffs are the parents of two children, Amy and Julie Ann. Amy attended the second grade in the Herscher District; however, in July of 1979 the plaintiffs petitioned to detach their lot from that district. Thereafter they enrolled their children as tuition paying pupils in District No. 111. Amy participated in a program known as the magnet program of individualized instruction, and Julie is in an all-day Montessori kindergarten program. The plaintiffs testified that their children were benefitting greatly from these programs. The programs are not available in the Herscher District. In addition to the desirability of these programs the plaintiffs find it convenient to take their children to and from school in District 111 since both parents work in the city of Kankakee.

It further appears to be undisputed that the detachment of the plaintiffs' lot from the Herscher District and annexation of the same to District 111 would result in no harm to either district. The loss of taxing power to the Herscher District would be negligible, and no significant division of funds and assets of the districts would be required by the transfer. Both districts meet the standards of recognition prescribed by the Superintendent of Public Instruction and would continue to do so after the transfer. The will of the people of the area affected, being the plaintiffs' lot, favors the transfer, and apparently the transfer of the lot is looked upon favorably by District No. 111 in that this district did not oppose the plaintiffs' petition to detach and annex.

In the light of the foregoing facts, we will again pose the question which is the issue in this appeal, to-wit, did the trial court commit error in ordering the detachment of the plaintiffs' property from the Herscher District and by permitting its annexation to District No. 111? In support of its argument that error was committed, Herscher District relies heavily upon the case of *Oakdale Community Consolidated School District No. 1 v. County Board of School Trustees* (1957), 12 Ill. 2d 190, 145 N.E.2d 736. Our supreme court in *Oakdale* stated, "* * * personal preference and convenience do not control, under the system in effect in this State." (12 Ill. 2d 190, 193, 145 N.E.2d 736, 737.) It should, however, be noted that in *Oakdale* the supreme court found that the proposed change of boundaries would not effect an educational improvement in the territories concerned but that on the contrary there would be a serious depletion of tax resources (20% of the assessed valuation of one district) and an overcrowded condition in the schools of one district. The court held that the sought-for change of boundaries would result in a detriment rather than an improvement in the educational picture of the entire area involved.

In examining *Oakdale* we also deem it significant that when the decision in that case was handed down our school code did not require a hearing board to consider *inter alia* "the will of the people of the area affected * * *." See Ill. Rev. Stat. 1979, ch. 122, par. 7—2.6.

As the result of subsequent statutory and case law it is evident that the decision in *Oakdale* has been to a substantial degree eroded in those situations where a transfer of territory from one school district to another would result in no harm financially or educationally to either district or its pupils. Such was the situation in the case of *Burnidge v. County Board of School Trustees* (1960), 25 Ill. App. 2d 503, 167 N.E.2d 21. In *Burnidge* the reviewing court affirmed a judgment of the Circuit Court of Kane County which reversed a ruling of the county board of school trustees denying the detachment and annexation of territory. In *Burnidge* the reviewing court found that as to the transfer sought there wouldn't be any benefit or detriment to either of the districts concerned and therefore whether the

area in question should be annexed should be determined solely on the welfare of the pupils affected. (See 25 Ill. App. 2d 503, 509, 167 N.E.2d 21, 24.) The court in *Burnidge* further stated:

"' * * * All things being equal, the landowner, the taxes from whose property enables the school of the district to operate, the parents and students residing in the district, should be permitted to choose the school the pupils should attend.' " 25 Ill. App. 2d 503, 511-12, 167 N.E.2d 21, 25.

■■ The situation in *Burnidge* is like that in the instant case. The annexation of the plaintiffs' lot to District No. 111 will not result in a benefit or detriment to either of the concerned districts. The transfer of the lot will not harm financially or educationally either district or its pupils. Since we have already set forth the factual situation in the instant case, we will not make a further recitation of the same, but will make the observation that the interests of the plaintiffs' children will be best served by their attendance in the school system of District No. 111. The children are already matriculating in the system and availing themselves of special programs not offered in the Herscher District. Applying the law as set forth in *Burnidge* to the instant case, the judgment of the Circuit Court of Kankakee County should be affirmed.

In affirming the trial court we do so being fully cognizant of the fact that this court reached an opposite result in the case of *Eble v. Hamilton* (1977), 52 Ill. App. 3d 550, 367 N.E.2d 788. In *Eble* the statutory requirements to be considered included "the will of the people of the area affected." (Ill. Rev. Stat. 1979, ch. 122, par. 7—2.6.) This statutory requirement was not *in esse* and hence not a criteria to be considered in the *Oakdale* case. We nevertheless in *Eble* cited with approval and followed the dictates set forth in the case of *Oakdale* (*Oakdale Community Consolidated School District No. 1 v. County Board of School Trustees* (1957), 12 Ill. 2d 190, 145 N.E.2d 736). We will not attempt to distinguish the case of *Eble* in order to support the result in the instant case. An attempt to do so would be fruitless. The result in the instant case is reached by a realization of the court that since *Eble* the law in *Oakdale* has been consistently eroded by a number of decisions emanating from other appellate court districts in our state. See *Board of Education v. Regional Board of School Trustees* (1980), 86 Ill. App. 3d 230, 407 N.E.2d 1084; *Board of Education v. Maycroft* (1980), 86 Ill. App. 3d 1130, 410 N.E.2d 128; *Board of Education v. Regional Board of School Trustees* (1980), 84 Ill. App. 3d 501, 405 N.E.2d 495.

■■ The defendant Herscher District further argues that permitting the detachment and annexation of plaintiffs' lot would make the new boundary line between the districts irregular and consequently the district would not be compact and contiguous as required by statute. This argu-

ment was considered in the case of *Streator Township High School Dist. No. 40 v. County Board of School Trustees* (1957), 14 Ill. App. 2d 251, 144 N.E.2d 531. In ruling against such a contention the reviewing court stated:
"We have already observed that both districts will have highly irregular boundaries as the result of the order herein. However that may be, the requirements seem to have taken on a social consideration as distinguished from a geometric or geographic consideration. The court in the case of People ex rel. Warren v. Drummet, 415 Ill. 411, 114 N.E.2d 369, stated,

'The territory need not be rectangular or square to be contiguous and compact. Again, every reasonable presumption is indulged in favor of the validity of a school district established pursuant to legislative authority. Conversely, a school district will not be held invalid for lack of contiguity or compactness unless it clearly appears from the evidence that children of school age residing in the district cannot reasonably avail themselves of the privileges of the school.' " 14 Ill. App. 2d 251, 258, 144 N.E.2d 531, 535.

Lastly, the defendant Herscher District contends that the decision to grant or deny a detachment request must be left to the hearing board as long as the hearing board follows the general statutory guidelines and there is some evidence to support its decision. Worded otherwise, it is apparently the defendant's argument that the scope of review to be exercised by the trial court as to the decision of a hearing board does not include the weighing of testimony. We deem it sufficient to state that the law is to the contrary. See *Oakdale Community Consolidated School District No. 1 v. County Board of School Trustees* (1957), 12 Ill. 2d 190, 145 N.E.2d 736, and *Wheeler v. County Board of School Trustees* (1965), 62 Ill. App. 2d 467, 210 N.E.2d 609.

For the reasons stated herein the judgment of the Circuit Court of Kankakee County is affirmed.

Affirmed.

ALLOY and HEIPLE, JJ., concur.