STEPHEN J. DAVIS *et al.*, Plaintiffs-Appellees, v. THE REGIONAL BOARD OF SCHOOL TRUSTEES OF MADISON COUNTY, WORDEN UNIT SCHOOL DISTRICT NO. 16 *et al.*, Defendants-Appellants.

Fifth District   No. 5—86—0272

Opinion filed May 7, 1987.

Timothy M. Palumbo, of Thomas, Mottaz, Eastman & Sherwood, of Alton, for appellants.

Charles J. Kolker, of Belleville, for appellees.

JUSTICE HARRISON delivered the opinion of the court:

Plaintiffs, Stephen J. Davis, Mary J. Davis, William H. Eilert, and Otto Blume, filed a petition with the regional board of school trustees of Madison County to have a 160-acre tract of land detached from Worden Unit School District No.16 (the Worden District) in Madison County and annexed to Staunton Community Unit School District No.6 (the Staunton District) in Madison and Macoupin counties. The Madison County regional board denied the petition following a hearing, and the regional board of school trustees of Macoupin County concurred. (See Ill. Rev. Stat. 1985, ch. 122, par. 7—2.) Upon administrative review in the circuit court of Madison County (see Ill. Rev. Stat. 1985, ch. 122, par. 7—7), the decision of the Madison County regional board was reversed, and the detachment petition was granted. This appeal followed. We affirm.

The standards to be considered by a regional board in determining whether to permit a transfer of land from one school district to another are set forth in section 7—6 of the School Code (Ill. Rev. Stat. 1985, ch. 122, par. 7—6), which provides:

> "The *** board of school trustees shall hear evidence as to the school needs and conditions of the territory in the area within and adjacent thereto and as to the ability of the districts affected to meet the standards of recognition as prescribed by the State Board of Education, and shall take into consideration the division of funds and assets which will result from the change in boundaries and shall determine whether it is to the best interests of the schools of the area and the educational welfare of the pupils that such change in boundaries be granted *** ."

■■■ Our supreme court has held that a detachment petition should be granted only where the benefit to the annexing district and the detachment area clearly outweighs the detriment resulting to the detaching district and the surrounding community as a whole. (*Oakdale Community Consolidated School District No.1 v. County Board of School Trustees* (1957), 12 Ill. 2d 190, 193-94, 145 N.E.2d 736; *Board of Education v. Regional Board of School Trustees* (1982), 89 Ill. 2d 392, 397, 433 N.E.2d 240, 243.) It is for regional boards to make findings of fact and to weigh the relevant factors to determine the action best serving the entire education system. (89 Ill. 2d 392, 396, 433 N.E.2d 240, 242.) As the Madison County regional board correctly observes, the findings of a regional board on questions of fact are *prima facie* true and correct, and a court may not reweigh evidence or substitute its judgment for that of the board. (89 Ill. 2d 392,

396-97, 433 N.E.2d 240, 242.) Nevertheless:

> "The rule which accords a *prima facie* validity to administrative decisions does not relieve a court of the important duty to examine the evidence in an impartial manner and to set aside an order which is unsupported in fact. *** Our Administrative Review Act does not require judicial recognition of an order which is against the manifest weight of the evidence, 'nor does the law allow a stamp of approval to be placed on the findings of an administrative agency merely because such agency heard the witnesses and made the requisite findings.' [Citation.]" *Oakdale Community Consolidated School District No. 1 v. County Board of School Trustees of Randolph County* (1957), 12 Ill. 2d 190, 195, 145 N.E.2d 736.

The evidence in this case showed that the area which plaintiffs seek to have detached from the Worden District (the detachment area) consists of two 40-acre parcels and a third parcel measuring 80 acres. One of the 40-acre parcels is owned by plaintiff William Eilert and the other by plaintiffs Stephen and Mary Davis. The 80-acre parcel was purchased by the Davises from plaintiff Otto Blume under a contract for deed. Together these three parcels form a square, 160-acre block which is contiguous with the Staunton District.

The Davises' house is the only one in the detachment area, and they are its only two registered voters. The Davises have three children: Sam Henry, born on July 13, 1974; Katie Jane, born on December 3, 1977; and Stephen James, born on May 8, 1980. At the time of the hearing before the Madison County regional board, Sam Henry was in fourth grade, Katie Jane was in kindergarten, and Stephen James had yet to begin school. Neither of the Davises' two school-age children was enrolled in the Worden District. Rather, they both attended a Lutheran school in Hamel, Illinois.

On this appeal, the Madison County regional board contends that allowing the detachment will cause substantial financial injury to the Worden District. We disagree. The Worden District's annual receipts total $471,753. The bulk of this sum, $337,042, is derived from State aid paid to the district based on its average daily student attendance. The remainder, $134,711, comes from property taxes. Because the Davises' children are not enrolled in the district, its State aid payments would be completely unaffected by the detachment. The only loss would be the $1,674.37 in property taxes which the detachment area pays. Although the Worden District is levying property taxes at the maximum rate allowed by law and could not make up this amount through a tax increase, the loss, a mere .3% of the district's total re-

ceipts, is *de minimus.* (See *Board of Education v. Regional Board of School Trustees* (1981), 98 Ill. App. 3d 599, 605, 424 N.E.2d 808, 813; *Burnett v. Massac Community Unit School District No.1* (1981), 96 Ill. App. 3d 616, 622, 421 N.E.2d 941, 946.) In addition, the record shows that even this minimal decrease in tax revenue will be offset, at least in part, by a reduction in the district's bonded indebtedness. See Ill. Rev. Stat. 1985, ch. 122, par. 7—14.

■ The Madison County regional board suggests that the amount of the revenue loss, standing alone, is not dispositive, but must be considered in the context of the Worden District's admittedly modest resources. In support of this proposition, it cites *Board of Education v. Regional Board of School Trustees* (1982), 89 Ill. 2d 392, 401, 433 N.E.2d 240, 244, where our supreme court held that "[w]hether a detaching district will remain financially healthy and be able to meet the statutory standards for recognition is more important than the size of the loss of tax revenues and assessed valuation the district must bear." In this case, however, we can find no evidence tending to show that the economic changes set forth above would have any discernible impact on the Worden District's financial well-being or on its ability to meet its statutory obligations. The Madison County regional board states simply:

> "Naturally, every revenue dollar that a small district loses jeopardizes that school district's survival, and jeopardizes the quality of the education which its students will eventually receive. A small school district does not have the flexibility in its budget to prudently save additional dollars to make up for a loss in revenue. There are too many financial demands on a small school district for such long-range planning."

While these assertions may be valid in some situations, they have not been supported by any references to the record here.

The Madison County regional board further asserts that in assessing the detrimental effects of this detachment on the Worden District, we should also consider the cumulative impact of future detachment petitions for which this case may set a precedent. The record, however, discloses only one other similar petition, which was apparently granted several years ago, and there is no evidence that any other petitions are pending or contemplated. The board's fear that successive new petitions by others will "continue to erode the revenue and student population base" of the Worden District is therefore entirely speculative. Such speculation "is not a sound basis for denial of detachment and each case should be determined on the basis of the facts and records as presented." (*Wheeler v. County Board of School Trust-*

*ees* (1965), 62 Ill. App. 2d 467, 476, 210 N.E.2d 609, 613.) Moreover, this court has previously held that "a detachment petition cannot be denied because of the possibility of setting a precedent." *Board of Education v. Regional Board of School Trustees* (1980), 86 Ill. App. 3d 230, 233, 407 N.E.2d 1084, 1086.

If the detachment petition were granted, the Staunton District would have to assume the same bonded indebtedness for the detachment area which the Worden District would lose (see Ill. Rev. Stat. 1985, ch. 122, par. 7—14), but it would also receive the same property tax revenues as are now being paid to the Worden District by the detachment area. In addition, if the Davises' children were then enrolled in Staunton's schools, that district would be eligible for State aid payments for the children which, as previously suggested, the Worden District does not now receive. The net result would be that the gain in revenue to the Staunton District would exceed the loss which would be sustained by the Worden District. *Cf. Burnett v. Massac Community Unit School District No.1* (1981), 96 Ill. App. 3d 616, 622, 421 N.E.2d 941, 946.

Admittedly, the extent of the financial benefits which would inure to the Staunton District cannot be ascertained with any precision from the record before us. What is clear from the record, however, is that the Staunton District's educational program is far superior to that available in the Worden District. Indeed, the point has not been disputed by the Madison County regional board.

The Worden District has a total enrollment of only 215 students. There are so few children in certain age groups that some grade levels must be combined into a single class. The teaching staff is small, and the elementary school principal devotes nearly half her time to providing classroom instruction. In prior years the district has had difficulty meeting the State standards for recognition. Its academic offerings are modest. There is no art teacher, no musical instruction, no drama class, no agricultural courses, and the district has been without a foreign language instructor for two years. Worden's students must travel to Collinsville if they want vocational training, and the district offers limited sports programs.

While we do not intend in any way to denigrate the efforts of the staff and administration of Worden, that district simply cannot match the vast array of academic, vocational, and extracurricular opportunities available in Staunton. Without detailing the specifics of Staunton's programs, we think it sufficient to state that the district has everything Worden lacks and more. Correspondingly, the evidence established that the Staunton District was much better equipped to

meet the particular needs of the children in the detaching area. The Davises want their children to attend college. The Staunton District appears to offer a full range of college preparatory courses, and it has an expansive library. Mrs. Davis testified that her daughter Katie Jane has an IQ of 160 and is talented musically. In contrast to Worden, Staunton offers a program for gifted students, musical instruction, and the opportunity to play in a band beginning in fifth grade. (By senior high school, there are no fewer than five different musical groups that students may join.) Sam Henry has an interest in agriculture and plays golf. Unlike Worden, the Staunton District offers several agricultural courses, it sponsors a chapter of Future Farmers of America, and it holds an annual "Farmers Day" exhibition for its elementary school students. In addition, it has a golf team which participates in a full schedule of meets and tournaments.

■ These are not the only benefits which favor annexation to the Staunton District. In considering a detachment petition our supreme court has held that it is not improper to take into account what have come to be known as the "whole child" and "community of interest" factors. (*Board of Education v. Regional Board of School Trustees* (1982), 89 Ill. 2d 392, 397, 433 N.E.2d 242, 243.) The former factor "recognizes that extracurricular participation in social, religious and even commercial activities is important in a child's development as a beneficial supplement to the child's academic involvement." (89 Ill. 2d 392, 397, 433 N.E.2d 242, 243.) The latter factor is used to "ascertain whether the petitioning area is identified with the school district and the community to which annexation is requested." (*City National Bank v. Shott* (1983), 113 Ill. App. 3d 388, 392, 447 N.E.2d 478, 481.) As explained by our supreme court:

> "[A]n identification with the school district in a child's natural community center will inevitably result in increased participation in school activities by the child and his parents. Such increased participation cannot but result in an improvement in the educational picture of the entire area." *Board of Education v. Regional Board of School Trustees* (1982), 89 Ill. 2d 392, 398, 433 N.E.2d 240, 243, quoting *Burnidge v. County Board of School Trustees* (1960), 25 Ill. App. 2d 503, 509-10, 167 N.E.2d 21.

In this case the record indicates that both factors support the detachment. The Davises reside in a rural area. Their closest neighbor lives in the Staunton District, and Mrs. Davis testified that "we're always running [the children] up [to Staunton] to play with their other friends." The Davises use the library, buy most of their groceries,

have their drug prescriptions filled, purchase flowers, and buy their automobiles and auto parts in Staunton. When they go out to eat, they usually go to a restaurant in Staunton. They belong to a country club in Staunton. They are very active in the United Church of Christ in Staunton, where Mr. Davis is the church treasurer and Mrs. Davis teaches summer Bible school. Mr. Davis goes to Staunton approximately twice a week on church business, and family members participate in church programs there.

Neither Mr. nor Mrs. Davis works in Staunton (both are public school teachers in Granite City), and their home is somewhat closer geographically to Worden and its schools than it is to Staunton. Nevertheless, no evidence was adduced to connect the Davises in any way with Worden, and the differences in distance were insignificant. The detachment area is part of a "community of interest" with Staunton, not Worden, and the evidence leaves no doubt that both the children and their family will participate actively together in the superior activities available to them in that community. This is precisely the sort of case where development of the "whole child" would be fostered by detachment, thus improving the educational picture of the entire area.

In denying plaintiffs' petition, the Madison County regional board indicated that allowing the detachment would create a corridor within the boundaries of the Worden District. A review of the map of the Worden and Staunton districts shows, however, that both are already highly irregular in shape. The change here would have no significant effect on their compactness, and no part of either district would be rendered noncontiguous. This factor is therefore inconsequential (see *Manning v. Regional Board of School Trustees* (1981), 92 Ill. App. 3d 945, 950, 416 N.E.2d 381, 385), and the argument has now apparently been abandoned by the board.

■■ ■ For all of the foregoing reasons, we agree with the circuit court's conclusion that the order of the Madison County regional board was contrary to the manifest weight of the evidence. The benefits to the Staunton District and the detachment area clearly outweigh the detriment to the Worden District and the community as a whole. The Madison County regional board argues in the alternative, however, that the circuit court's judgment was nevertheless improper because the detachment here would not comport with subsections (b) and (e) of section 7—4 of the School Code (Ill. Rev. Stat. 1985, ch. 122, pars. 7—4(b), (e)). This argument has no merit. Subsection (b) applies, by its own terms, only to petitions which would have the effect of *creating* a new district. The petition here, however, would merely produce a change in the boundaries of existing districts. No new dis-

trict would be created.

As for subsection (e), it provides that a petition shall not be granted "[i]f after the change of boundaries any district has less population or equalized assessed valuation than required for the creation of a district of like type." (Ill. Rev. Stat. 1985, ch. 122, par. 7—4(e).) The Worden District, created prior to enactment of the School Code, is an "old type unit," and no evidence was presented that the detachment here would cause the Worden District to fall below any population or assessment requirements for such old type units. The Madison County regional board suggests, however, that such "old type units" have been abolished by statute and that the Worden District must be treated as a "community unit district" under present law. Because the equalized assessment of the Worden District, $4,222,000 at the time of the administrative hearing, is already significantly less than that now required for creation of a community unit district (see Ill. Rev. Stat. 1985, ch. 122, par. 11A—2), the Madison County regional board asserts that the boundary change here, which would reduce the district's equalized assessment even further, is prohibited.

The flaw in this analysis is that enactment of the School Code did not, in fact, eliminate "old type units" such as the Worden District. While the School Code did repeal the laws pursuant to which such districts were established or "validated," a savings clause in the Code expressly provides that "the repeal herein of any curative or validating act [shall not] affect the corporate existence or powers of any school district lawfully validated thereby." (Ill. Rev. Stat. 1985, ch. 122, par. 36—1.) "Old type units" thus remain, and we find nothing in the School Code or case law to support the claim that they must be treated for detachment purposes under the same standards applicable to "community unit districts."

Plaintiffs' petition should have been granted. The judgment of the circuit court of Madison County is therefore affirmed.

Judgment affirmed.

KARNS, P.J., and WELCH, J., concur.